Jones, J.
 

 The fact that Bateman, in his mandamus proceeding, secured an order for the payment of his wage during the period of his discharge, is no bar to the defense of the Industrial Commission, for the reason that it was not a party to the mandamus suit; and for the further reason that in such mandamus action the trial court had no jurisdiction to pass upon an award of compensation from the insurance fund; its jurisdiction in that respect being appellate after denial of compensation by the commission.
 

 We agree with the statement contained in the brief of counsel for defendant in error that “the only question now before this court is whether or not such injuries causing his death were sustained in the course of his employment.” This was the legal question presented to the trial court upon the motions for a directed verdict and is the only question presented to this court. The Court of Appeals affirmed the judgment of the trial court because it was of opinion “that the injury arose out of and was an incident connected with his employment.”
 

 We have heretofore held that the “Ohio Workmen’s Compensation Act does not apply to employes *
 
 *
 
 *
 
 *282
 
 when, at the time of the injury, the relationship of employer and employe has ceased to subsist.”
 
 Conrad, Admx.,
 
 v.
 
 Y. & O. Coal Co.,
 
 107 Ohio St., 387, 140 N. E., 482, 36 A. L. R., 1288. “In order to warrant payment of compensation under the workmen’s compensation act it is essential that there should have existed at the time of the calamity a contract of employment between the claimant and the alleged employer.” 28 Ruling Case Law, 760. This rule of law is not challenged by counsel for the defendant in error, but they contend that, since the decedent had appealed to the civil service commission for reinstatement, he remained under a contract of hire until the civil service commission determined the legality of his discharge. Whether, under such circumstances, the decedent at the time of his injury was an employe under a contract of hire within the purview of Section 1465-61, General Code,
 
 quaere,
 
 for the defendant in error is confronted with another bridge she must cross before recovery; she must show that the decedent’s injury was occasioned in the course of his employment. And this is concededly the crucial point decisive of this case.
 

 Article II, Section 35, of our state Constitution,- provides compensation to workmen and their dependents for injuries “occasioned in the course of such workmen’s employment.” Pursuant to that provision the Legislature passed an act stipulating that dependents of employes such as “are killed in the course of employment” shall be paid compensation out of the state insurance fund. Section 1465-68, General Code.
 

 It is urged by counsel for defendant in error that, since decedent’s injuries occurred while seeking reinstatement, his injuries were incidental to and so connected with the employment that they should be held to have been “occasioned in the course of” his employment. This argument is untenable; and is not supported by the decisions of this court or by those
 
 *283
 
 of other courts in states which have similar provisions to our own. In order to recover compensation under the Workmen’s Compensation Law it is essential not only that the relation of employer and employe must exist, but the injured employe is also required to show that his injuries resulted from the work he was employed to perform, and that such injuries were received while engaged in the business of his employer and in the furtherance of the latter’s affairs.
 
 American Indemnity Co.
 
 v.
 
 Dinkins
 
 (Tex. Civ. App.), 211 S. W., 949, and
 
 Texas Employers’ Ins. Assn.
 
 v.
 
 Bailey
 
 (Tex. Civ. App.), 266 S. W., 192. The foregoing cases state substantially the rule enunciated by many courts in their definition of the phrase, “in the course of employment.”
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Industrial Commission
 
 v.
 
 Davison,
 
 118 Ohio St., 180, 160 N. E., 693. The third proposition of the syllabus in the
 
 Weigandt case, supra,
 
 reads: “The provisions of the law [Workmen’s Compensation] do not cover an injury which had its cause outside of and disconnected with the business in which an injured workman was employed.” And in the
 
 Davison case, supra,
 
 the second proposition of the syllabus-reads: “An employee is in the course of his employment while he is performing the obligation of his contract of employment.”
 

 There is a sound reason for this rule. An employe who enters into the business of his employer under a contract of hire does so with due regard to the nature of the work and its activities and to the various hazards that he may encounter in prosecuting the work of his employer. It was these hazards that our organic law had in contemplation when the constitutional provision referred to contained a provision that laws should be passed empowering the classification of “occupations, according to their degree of hazard.”
 
 *284
 
 Acting within the scope of the constitutional authority this court has held that the Legislature, under authority of Section 1465-54, General Code, had the power not only to classify occupations generally, but to classify individual occupations as well, and to apply premium rates thereto calculated upon merit and individual accident experience.
 
 State, ex rel. Powhatan Mining Co.,
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 272, 181 N. E., 99. Under the law the premium rates of employers are based upon the number of employes in their establishment and upon the aggregate amount of wages paid in the operation of the business. Section 1465-45, General Code. Manifestly no premium could be computed based upon the decedent’s employment during the period of his discharge when he received no wage from his employer.
 

 It is evident in the instant case that the employe was injured at a time when he was not carrying on the business of his employer; he was not upon the latter’s premises; was not under the employer’s control ; and he did not suffer his injuries because of any hazard connected with the business of the employer. In order to avail himself of the terms of the Compensation Law the injuries sustained by an employe must be connected with the operation of the business of the employer, upon his premises, or within its immediate environs; or, if sustained elsewhere, the employe, acting within the scope of his employment, must, at the time of his injury, be engaged in the promotion of his employer’s business and in the furtherance of his affairs. It is suggested that there is another forceful reason why the theory of recovery urged by the defendant in error should not be sustained. Many city employes are placed in a classified list, and others in an unclassified list. The latter may be discharged at will, and having been discharged, should they suffer injuries during the period of discharge, they would be entitled to no compensation under the law. We
 
 *285
 
 cannot agree with the conclusion, that, because of the mere fact that the decedent, who was a classified employe, had appealed to the local commission for reinstatement, he could have an advantage which his unclassified brother could not enjoy. We are of the opinion that the beneficent provisions of the Workmen’s Compensation Law did not, by any implication, seek to make any such discrimination between the classified and unclassified employes of a city.
 

 We are of the opinion that the trial court should have sustained the motion of the plaintiff in error for judgment upon ‘the undisputed facts. The judgments of the lower courts will be reversed, and, proceeding to render the judgment which the Court of Appeals should have rendered, judgment will be here rendered in favor of the plaintiff in error.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Allen, Stephenson and Matthias, JJ., concur. .
 

 Kinkade, J., not participating.