Taft, J.
 

 In her petition, plaintiff alleged that on January 17, 1944, her husband was an employee of the defendant and engaged in operating one of its trolley busses, and that he sustained an injury in the course of that employment “when he was subjected to unusual physical and nervous strain through the necessity of driving his bus through an extraordinarily heavy fog. ” ' It was further alleged that this ‘ ‘ unusual strain” produced a coronary thrombosis and resulted in his almost immediate death.
 

 By its answer, defendant admitted decedent’s death on the date alleged but denied that such death “was in any way connected with the decedent’s employment” and “that the decedent sustained any injury * * * within the meaning of the Workmen’s Compensation Act.”
 

 
 *272
 
 The special interrogatory, which the jury answered in the affirmative, reads as follows:
 

 “Was the cause of Taylor McNees’ death, the mental strain and excitement of the driving conditions which prevailed as he drove the trolley bus on the night of January 17, 1944.”
 

 Answers of a jury to special interrogatories will not authorize a judgment different from that authorized by the general verdict, if such answers can be reconciled with the general verdict.
 
 Davis
 
 v.
 
 Turner,
 
 69 Ohio St., 101, 68 N. E., 819;
 
 Ohio Fuel Gas Co.
 
 v.
 
 Ringler,
 
 126 Ohio St., 409, 185 N. E., 553.
 

 It should be observed that plaintiff’s amended motion for judgment notwithstanding the verdict is based upon the ground that the evidence and the answer of the jury to the interrogatory require such judgment. Apparently, plaintiff’s purpose was to rely upon Section 11420-18, General Code, providing that “when a special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly” and, also, on Section 11601, General Code (116 Ohio Laws, 413), authorizing the court to render judgment notwithstanding the verdict, where, not only upon the statements in the pleadings but also “upon the evidence received upon the trial” a party is entitled by law to judgment in his favor, “whether or not motion to direct a verdict may have been made or overruled. ’ ’
 

 Ordinarily, in order to sustain a motion for judgment notwithstanding a general verdict, the evidence received upon the trial and the facts established by admissions in the pleadings and in the record, must be such that the court would have been required, upon a proper motion therefor, to direct a verdict for the party seeking such judgment. Even if, on such a motion for judgment, a court may also consider the an
 
 *273
 
 swer of a jury to an interrogatory as establishing facts found by such answer, such motion must be overruled if the evidence, received upon the trial, and the facts, established by admissions in the pleadings and in the record and by answers of the jury to interrogatories, do not, as a matter of law, require a finding for the party making such a motion on some issue, which should have been found in his favor in order to justify a general verdict for him. In passing upon such a motion, neither the trial court, the Court of Appeals nor this court may weigh the evidence. Section 11601, General Code.
 

 By the words of Section 35, Article II of the Constitution, the General Assembly is authorized to provide compensation to workmen and their dependents for “death, injuries or occupational disease, occasioned in the course of # # * employment.” The instant case does not involve provisions made with respect to occupational disease. With respect to death and injuries, the General Assembly provided that compensation is to be awarded only if the employee was “injured” or “killed in the course of employment.” Section 1465-68, General Code. However, the only provision for payment of compensation for death is for those instances in which á compensable injury caused death. Section 1465-82, General Code.
 

 Plaintiff must therefore contend that decedent was “injured # * * in the course of employment,” and that such injury was the cause of his death.
 

 Nothing in the jury’s answer to the interrogatory indicates that the “mental strain and excitement of the driving conditions” represented any injury to Mc-.Nees. It might be argued that the term “any injury” might be interpreted to include the word “strain.” However, such an argument with respect to the word “excitement” would appear to be clearly unreasonable.
 

 
 *274
 
 If we assume that a mental strain could be an injury, then we have that injury and something which could not reasonably be interpreted as an injury,
 
 i. e.,
 
 the excitement, as the cause of death.
 

 When we turn to the evidence, we find no dispute as to the fact that decedent’s death was caused by coronary thrombosis. If a coronary thrombosis, caused as this one was, could be included within the term “any injury,” which we do not decide, the question would still remain whether it would be here included within the term “injury” as defined in the last paragraph of Section 1465-68, General Code.
 

 That section provides that “the term ‘injury’ * * * shall include any injury received in the course of, and
 
 arising out
 
 of the injured employee’s employment.” (Emphasis ours.)
 

 Since the jury’s answer to the special interrogatory finds a causal connection between decedent’s death and the strain and excitement of certain conditions of his employment, it necessarily establishes a causal connection between his employment and the coronary thrombosis. This follows because there is no dispute in the evidence as to the fact that coronary thrombosis was the proximate cause of death. When it refers to
 
 “the
 
 cause of Taylor McNees’ death,” the jury’s answer to the special interrogatory negatives the existence of other causes.
 

 However, the answer to the interrogatory does not establish that there was any
 
 proximate
 
 causal relationship between decedent’s employment and either the mental strain and excitement or the coronary thrombosis or his death.
 

 This raises the question whether an injury must be a proximate result of the employment in order to come within the definition of injury set forth in the last paragraph of Section 1465-68, General Code.
 

 
 *275
 
 Although there is no statutory provision requiring a
 
 proximate
 
 causal relationship between a compensable injury and a death for which compensation is sought, this court has frequently held that it is necessary for a death claimant to establish that such an injury was the proximate cause of the death.
 
 Aiken
 
 v.
 
 Industrial Commission,
 
 143 Ohio St., 113, 53 N. E. (2d), 1018;
 
 Gwaltney, a Minor,
 
 v.
 
 General Motors Corp.,
 
 137 Ohio St., 354, 30 N. E. (2d), 342;
 
 Weaver
 
 v.
 
 Industrial Commission,
 
 125 Ohio St., 465, 181 N. E., 894. See, also,
 
 Maynard
 
 v.
 
 B. F. Goodrich Co.,
 
 144 Ohio St., 22, at page 31, 56 N. E. (2d), 195;
 
 Bowling
 
 v.
 
 Industrial Commission,
 
 145 Ohio St., 23, 60 N. E. (2d), 479.
 

 However, in speaking about whether an injury was received “in the course of, and arising out of the injured employee’s employment,” this court has usually mentioned only the necessity of finding a causal connection between the employment and the injury.
 
 Sebek
 
 v.
 
 Cleveland Graphite Bronze Co.,
 
 148 Ohio St., 693, at page 697, 76 N. E. (2d), 892;
 
 Stanfield
 
 v.
 
 Industrial Commission,
 
 146 Ohio St., 583, at page 585, 67 N. E. (2d), 446;
 
 Parrott
 
 v.
 
 Industrial Commission,
 
 145 Ohio St., 66, at page 69, 60 N. E. (2d), 660;
 
 Maynard
 
 v.
 
 B. F. Goodrich Co.,
 
 supra;
 
 Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 43 N. E. (2d), 266;
 
 Ashbrook
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 115, 24 N. E. (2d), 33;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 130 Ohio St., 175, 198 N. E., 276;
 
 Industrial Commission
 
 v.
 
 Bankes,
 
 127 Ohio St., 517, 189 N. E., 437;
 
 Industrial Commission
 
 v.
 
 Baker,
 
 127 Ohio St., 345, 188 N. E., 560;
 
 Industrial Commission
 
 v.
 
 Bateman,
 
 126 Ohio St., 279, 283, 185 N. E., 50;
 
 Grabler Mfg. Co.,
 
 v.
 
 Wrobel,
 
 125 Ohio St., 265, 181 N. E., 97;
 
 Industrial Commission
 
 v.
 
 Carden,
 
 129 Ohio St., 344, 195 N. E., 551;
 
 Industrial Commission
 
 v.
 
 Gintert,
 
 128 Ohio St.,
 
 *276
 
 129, 132, 190 N. E., 400, 92 A. L. R., 1032;
 
 Industrial Commission
 
 v.
 
 Lewis,
 
 125 Ohio St., 296, 297, 181 N. E., 136;
 
 Gregory
 
 v.
 
 Industrial Commission,
 
 129 Ohio St., 365, 195 N. E., 699;
 
 Industrial Commission
 
 v.
 
 Weigandt,
 
 102 Ohio St., 1, 130 N. E., 38;
 
 Delassandro
 
 v.
 
 Industrial Commission,
 
 110 Ohio St., 506, 144 N. E., 138;
 
 Laudato
 
 v.
 
 Hunkin-Conkey Construction Co.,
 
 135 Ohio St., 127, 132, 19 N. E. (2d), 898;
 
 Fassig
 
 v.
 
 State, ex rel. Turner, Atty. Genl.,
 
 95 Ohio St., 232, 116 N. E., 104.
 

 However, in none of those cases did this court determine that a
 
 proximate
 
 causal relationship between the employment and the injury was
 
 not
 
 necessary. Furthermore, consideration of the facts of many of those cases and what this court said in deciding them indicate that this court has, in effect, often regarded such a proximate causal relationship as necessary. See, for example,
 
 Industrial Commission
 
 v.
 
 Bankes,
 
 supra;
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl., supra; Ashbrook
 
 v.
 
 Industrial Commission, supra; Stanfield
 
 v.
 
 Industrial Commission, supra; Sebek
 
 v.
 
 Cleveland Graphite Bronze Co., supra; Industrial Commission
 
 v.
 
 Baker, supra; Industrial Commission
 
 v.
 
 Bateman, supra.
 
 See, also,
 
 Walborn
 
 v.
 
 General Fireproofing Co.,
 
 147 Ohio St., 507, 72 N. E. (2d), 95;
 
 Nelson
 
 v.
 
 Industrial Commission,
 
 150 Ohio St., 1, 80 N. E. (2d), 430.
 

 Furthermore, majority opinions of this court have quoted, in support of their conclusions, the statement of Chief Justice Rugg in
 
 McNicol's case,
 
 215 Mass., 497, 102 N. E., 697, L. R. A. 1916A, 306, that “an injury which cannot fairly be traced to the employment as a contributing proximate cause” is excluded from being one which “arises out of” the employment. See
 
 Highway Oil Co.
 
 v.
 
 State, ex rel. Bricker, Atty. Genl., supra,
 
 at 178;
 
 Ashbrook
 
 v.
 
 Industrial Commission,
 
 
 *277
 

 supra,
 
 at 119; and
 
 Walborn
 
 v.
 
 General Fireproofing Co., supra,
 
 at 509.
 

 This court has also indicated that an injury to be compensable must be “
 
 caused * * * in substantial part by the hazard of the
 
 employment”
 
 (Indusrtial Commission v
 
 .
 
 Hampton,
 
 123 Ohio St., 500, paragraph 3 of the syllabus, 176 N. E., 74); and three of the present members of this court concurred in a dissenting opinion stating that an injury will not be compensable when it ' ' cannot fairly be traced to the employment as a substantial contributing cause.”
 
 Outland
 
 v.
 
 Industrial Commission,
 
 136 Ohio St., 488, 494, 26 N. E. (2d), 760.
 

 In the unanimous decision in
 
 Merz
 
 v.
 
 Industrial Commission,
 
 134 Ohio St., 36, 15 N. E. (2d), 632, the syllabus states that compensation cannot be awarded for death where there is “no
 
 direct causal connection betioeen
 
 the
 
 employment and
 
 the
 
 death.”
 
 (Emphasis ours.) The terms “direct cause” and “proximate cause” are regarded as equivalents by this court.
 
 Chesrown
 
 v.
 
 Bevier,
 
 101 Ohio St., 282, 128 N. E., 94;
 
 Bartson
 
 v.
 
 Craig,
 
 121 Ohio St., 371, paragraph 3 of the syllabus, 169 N. E., 291. It was also stated on page 296 of the opinion by Hart, J., in
 
 Malone
 
 v.
 
 Industrial Commission,
 
 140 Ohio St., 292, 43 N. E. (2d), 266, that injuries must
 
 “directly result
 
 from the activities of the employment” in order to be compensable. (Emphasis ours.)
 

 As stated by Bevis, J., on page 339, in
 
 Gedeon, Admr,.
 
 v.
 
 East Ohio Gas Co.,
 
 128 Ohio St., 335, 190 N. E., 924, “the law, in determining liability for harm done, refuses to follow the logical chain of causation beyond what it regards as the
 
 direct or proximate
 
 cause. # * 'Proximate’ in this connection is used in contradistinction to the term 'remote.’ ” (Emphasis ours.)
 

 There is certainly nothing in the language of the
 
 *278
 
 General Assembly which would require this court to determine that the General Assembly intended there should be any award of compensation for an injury in an instance where the employment was only a remote cause of the injury. If the language used by the General Assembly is construed, as this court has construed it, so as to require that the consequences of an injury have a proximate causal relationship to the injury, it would not be reasonable to construe the language of the General Assembly so as to require a mere causal relationship between the injury and the employment.
 

 Prior to the 1937 amendment of Section 1465-68, General Code, the statutory language provided for compensation to an employee “injured * * * in the course of employment. ’ ’ By reason of the amendment to. that statute in 1937 (117 Ohio Laws, 109), the term “injury” is now limited further to one “received in the course of,
 
 and arising out of, the * * * employ
 
 ment.,” There would, therefore, appear to be greater reason now for insisting upon a proximate causal relationship between the employment and the injury claimed to be compensable than there was prior to that 1937 amendment. See
 
 Slanina
 
 v.
 
 Industrial Commission,
 
 117 Ohio St., 329, 158 N. E., 829.
 

 As recently as 1940, this court used language, in describing the necessary causal relationship between the'injury and its consequences (as heretofore pointed out this court has held this must be a proximate one), similar to that which has usually been used in describing the necessary causal relationship between the employment and the compensable injury.
 
 Drakulich
 
 v.
 
 Industrial Commission,
 
 137 Ohio St., 82, 27 N. E. (2d), 932. This also tends to show that the failure of this court heretofore to specify, as a requirement, that the causal connection between the employment and the injury must be a proximate one, was probably due
 
 *279
 
 to the absence of any necessity of determining that question in a particular case.
 

 Our conclusion, therefore, is that, in order for an injury to be compensable, there must be a proximate causal relationship shown between the employment and the injury: A remote causal relationship is not enough. Unless there is such a proximate causal relationship, the injury cannot be said to be one “arising out of, the # * * employment, ’ ’ even where it is received in the course of that employment.
 

 Although the jury’s answer to the interrogatory did not establish any such proximate causal relationship, the question still remains whether the evidence required a finding that there was such a relationship.
 

 In order to establish any causal connection between decedent’s death and an injury received in the course of his employment, the plaintiff must have relied upon the testimony of two physicians, one who testified for the plaintiff and the other who testified for the defendant.
 

 After a hypothetical question, outlining the facts preceding decedent’s death, plaintiff’s physician Dr. Heinold, who had never seen decedent; was asked if he had an opinion “as to whether there was any causal relation between the events immediately preceding his death * # * up to the time of his collapse and his death.” He stated that he did; and was permitted to testify “that the events previous to the man’s collapse
 
 contributed
 
 to the collapse and his eventual death. * * (Emphasis ours.)
 

 Later, he testified also that there was, in his opinion, a
 
 connection
 
 between the thrombosis and the symptoms of a heart ailment, which had been described to him as being experienced by McNees prior to the day of his death. On cross-examination he admitted that a man might “possibly” die as a result of coronary
 
 *280
 
 thrombosis without any strain, that that does happen occasionally, and that, while unusual, people do die as a result of such thrombosis without any history of exhaustion or unusual activity immediately preceding death. In his testimony he did not express an opinion as to any “probable” cause of decedent’s thrombosis or death. Cf.
 
 Drakulich
 
 v.
 
 Industrial Commission, supra.
 

 The former deputy county coroner, Dr. Ventress, testified for the defendant. After a hypothetical question was stated to him, he was asked if he could “give us an opinion based upon reasonable medical certainty as to the factors causing this man’s death.” He stated that he could and, after outlining several factors, stated, “I think that this anxiety and nervousness more so than any physical exertion would be the factor that caused the coronary condition to become aggravated enough to cause the death.” On cross-examination he testified “that a majority of coronary conditions result not from physical exertion as much as * * * from mental strain or
 
 some other condition which we do not know.”
 
 (Emphasis ours.) He further stated that coronary death might come “on a person just walking down the street or without any more physical exertion than what they normally exert.”
 

 If there was substantial evidence tending to prove that decedent’s employment was the probable cause of his coronary thrombosis, which we do not decide, there would be sufficient evidence to justify a jury in finding that decedent’s employment was the proximate cause of that thrombosis. However, the foregoing outline of their testimony shows that these physicians testified that something else, apart from decedent’s employment, could have caused his death. The question of proximate cause, therefore, would remain one for the jury. The evidence in this case was not such as to
 
 *281
 
 require a directed verdict for the plaintiff on the issue whether the injury was the proximate result of decedent’s employment.
 

 We have, therefore, a situation where the- evidence received upon the trial is not such as to require a determination, as a matter of law, that decedent’s employment was the proximate cause of the coronary thrombosis, which admittedly caused decedent’s death. Assuming, without deciding, that there was sufficient evidence tending to prove that such employment was the proximate cause of the coronary thrombosis or death so that there was a question for the jury on such proximate causation, the answer to the interrogatory does not determine that anything was a
 
 proximate
 
 cause.
 

 In our opinion, therefore, it was error for the trial court to grant plaintiff’s motion for judgment notwithstanding the verdict. The judgment of the Court of Appeals is, therefore, reversed and the cause is remanded to the Common Pleas Court with instructions to enter judgment on the verdict for defendant and for further proceedings in accordance with law.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias and Turner, JJ., concur.
 

 Hart and Zimmerman, JJ., dissent.
 

 Stewart, J., not participating.