The portions of Section 1465-68 (a), General Code, pertinent in a consideration of the question involved in the instant case, read:
"Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease as herein defined, shall be entitled to the compensation provided by Sections 1465-78 to 1465-82, inclusive, and Section 1465-89 of the General Code, subject to the modifications hereinafter mentioned.
"The following diseases shall be considered occupational diseases and compensable as such, when contracted by an employee in the course of his employment in which such employee was engaged at any time within 12 months previous to the date of his disablement and due to the nature of any process described herein.
 "Schedule
"* * *
"22. Silicosis. (silicosis shall mean a disease of the lungs caused by breathing silica dust [silicon dioxide] producing fibrous nodules, distributed through the lungs and demonstrated by X-ray examination or by autopsy.) *Page 453 
"Nothing in this act shall entitle an employee or his dependents to compensation, medical treatment, or payment of funeral expenses for disability or death from silicosis, unless the employee has been subject to injurious exposure to silica dust (silicon dioxide) in his employment in Ohio preceding his disablement, for periods amounting in all to at least three years, some portion of which shall have been after the effective date of this act, except as provided in the last paragraph of Section 1465-80, General Code.
"Compensation, medical, hospital and nursing expenses on account of silicosis shall be payable only in the event of temporary total disability, permanent total disability, or death, in accordance with the provisions of Sections 1465-79, 1465-81 and 1465-82 of the General Code, and only in the event of such disability or death resulting within eight years after the last injurious exposure; provided that in the event of death following continuous total disability commencing within eight years after the last injurious exposure, the requirement of death within eight years after the last injurious exposure shall not apply.
"Claims of an employee for compensation, medical, hospital and nursing expenses, on account of silicosis shall be forever barred unless application therefor shall have been made to the Industrial Commission within one year after total disability began or within such longer period as shall not exceed six months after diagnosis of silicosis by a licensed physician. Claims of dependents for benefits on account of death from silicosis shall be forever barred unless application therefor shall have been made to the Industrial Commission within six months after death."
A reading of the foregoing statute discloses that two of the essential requirements of an allowable claim of an employee or his dependents for benefits under the *Page 454 
Ohio Workmen's Compensation Act for disability or death from silicosis are:
1. Injurious exposure of the employee to silica dust in employment in Ohio preceding his disablement, for periods amounting in all to at least three years.
2. The occurrence of the employee's total disability or death within eight years after his last injurious exposure (death following continuous total disability commencing within eight years after such exposure does away with the requirement of death within eight years after such exposure).
Under the Ohio Workmen's Compensation Act, compensation is allowed for disability or death only where there is a causal connection between something occurring during an employment covered by that act and such disability or death. See McNees v.Cincinnati Street Ry. Co., 152 Ohio St. 269, 275, 276,89 N.E.2d 138, and cases cited therein.
The General Assembly has thus recognized at least three years of injurious exposure to silica dust in an Ohio employment as the something, occurring during the employment, which will justify the payment of compensation under the Workmen's Compensation Act. The total disability or death is merely the result for which compensation is to be paid. The requirement, that such disability or death must occur within eight years after the last injurious exposure, is merely a condition precedent to accrual of the right to such compensation.
Once the three years of injurious exposure in an Ohio employment has taken place, nothing further in any way related to the employment has any significance in determining whether compensation is to be awarded. If the employee ended his employment after such exposure, he would still be entitled to compensation if it developed that his later total disability or death proximately resulted from such exposure within *Page 455 
the time specified in Section 1465-68 (a), General Code.*
So far as the employment is concerned, the only justification for charging that employment with any liability for compensation is the not less than three years of injurious exposure to silica dust in that employment.
Although the right to compensation is subject to the condition that total disability or death results within a certain time after the injurious exposure specified, the compensation is awarded because of the injurious exposure. Any responsibility of the state fund or of self-insuring employers for the disability or death, for which such compensation is paid, necessarily stems entirely from the not less than three years of injurious exposure to silica dust. In the instant case that responsibility was the responsibility of the relator.
It was stated in argument that the practice of the Industrial Commission is to arbitrarily charge responsibility for a silicosis claim against the employer at the time of the last injurious exposure. While relator is such an employer, relator has not alleged that any portion of the periods of injurious exposure involved in the instant case occurred while the employee was employed by some other employer. On the contrary, it is apparently conceded that all the periods of such exposure *Page 456 
occurred while the employee was employed by relator. Therefore, we do not have before us the question as to whether the Industrial Commission may arbitrarily charge responsibility for such a claim solely against the employer at the time of the last injurious exposure, where the periods of injurious exposure did not occur entirely during employment by such employer; or whether, in the absence of any statutory guide, the commission must apportion the responsibility.
We believe that the decision of this court in Fisher v. OhioMalleable Iron Co., 127 Ohio St. 321, 188 N.E. 512, requires a denial of the relief requested. In the Fisher case, as the court recognized, there was (under Industrial Commission v. Kamrath,118 Ohio St. 1, 160 N.E. 470) no right to claim death benefits unless the employee died within a limited time after an injury sustained in the course of his employment. Here, there was no right to claim benefits unless the employee became totally disabled within a limited time after an injurious exposure in the course of his employment. State, ex rel. Venys, v. IndustrialCommission, ante, 238. In the Fisher case, it was held that the liability of the self-insurer for death benefits attached at the time of the injury sustained in the course of employment, even though no right to such benefits aame into existence until the death of the employee occurred after the employer had ceased to be a self-insurer.
Since all the periods of over three years of Cole's injurious exposure to silica dust occurred during his employment by relator and while relator was a self-insurer, the Industrial Commission properly ordered relator to pay the compensation which is admittedly allowable for total disability proximately caused by such injurious exposure.
Writ denied. *Page 457 
WEYGANDT, C.J., HART and ZIMMERMAN, JJ., concur.
MATTHIAS, STEWART and TURNER, JJ., dissent.
* It may be contended that another essential requirement of a silicosis claim is that it be "contracted * * * in the course of his employment * * * within 12 months previous to the date of his disablement." (See second paragraph of Section 1465-68 (a), General Code.) In the instant case, it is not necessary to decide whether such a contention is sound since the admitted and agreed facts disclose that Cole contracted silicosis in the course of his employment prior to November 14, 1946, and was sufficiently disabled within 12 months thereafter to justify the order of the Industrial Commission awarding him compensation for a change of occupation pursuant to Section 1465-80, General Code. Assuming without deciding that such contention is sound, if Cole had ended his employment on November 14, 1946, he would still be entitled to compensation, since he was disabled within 12 months after November 14, 1946, as a result of contraction of silicosis and his subsequent total disability resulted from exposure within the time specified in Section 1465-68 (a), General Code.