McNees, Appellant, v. The Cincinnati Street Ry. Co., Appellee.

Hurd, J., concurring. In my opinion the judgment should be reversed also on the ground that it is against the manifest weight of the evidence for the reasons herein stated.

The Supreme Court has held in the majority opinion by Taft, J. (*McNees v. Cincinnati Street Ry. Co.*, 152 Ohio St., 269, 89 N. E. [2d], 138), that in passing upon a motion for judgment *non obstante veredicto* "neither the trial court, the Court of Appeals, nor this court, may weigh the evidence." Section 11601, General Code. See, also, the second paragraph of the syllabus of the *McNees case*. However, this court is not now precluded in this appeal by an order overruling a motion for a new trial from passing upon the question of whether the verdict of the jury was contrary to the manifest weight of the evidence. It is clear from an analysis of the opinion of the Supreme Court that the evidence was not weighed by that court, for in the *McNees case, supra,* at page 281, we find the following statement:

"We have, therefore, a situation where the evidence received upon the trial is not such as to require a determination, *as a matter of law,* that decedent's employoment was the proximate cause of the coronary thrombosis, which admittedly caused decedent's death. Assuming, without deciding, that there was sufficient evidence tending to prove that such employment was the proximate cause of the coronary thrombosis or death so that there was a question for the jury on such proximate causation, the answer to the interrogatory

does not determine that anything was a *proximate* cause.''

Coming now to a consideration of the evidence, the record shows that there were two medical witnesses, one called on behalf of the plaintiff and the other on behalf of the defendant. Plaintiff's witness, Dr. Heinold, testified positively that there was a causal relationship between the events immediately preceding the death and the death. He testified in substance that the incidents of decedent's employment contributed to his death because these incidents would cause a rising of blood pressure in an artery somewhat occluded and would cause a sudden clotting and closing up of the full artery preceding sudden death. While he testified also that a person might die of coronary thrombosis without strain, it should be observed most emphatically that all the evidence in this case pointed unmistakably to an unusual strain in the operation of the bus in a dense fog. While the general public was exposed to the same fog, the decedent with a pre-existing heart condition was in an entirely different position from the general public, being obliged to work under the most unusual conditions then existing which in any common sense view of the facts was the proximate cause of the coronary thrombosis and the resulting death.

The statement of Dr. Heinold amply supported this conclusion when he testified that ''the events previous to the man's collapse contributed to the collapse and his eventual death because of the tremendous strain that was placed upon this individual's physical being and his mental being both, but particularly on the strain of his physical effort.''

These events could not possibily be other than the activities, exigencies and conditions arising out of his employment.

Defendant's medical witness, Dr. Ventress, when asked concerning the factors which caused the death of McNees, outlined these factors as being very bad driving conditions due to the fog, the aggravation created by a passenger contradicting those attempting to help the decedent, and the responsibility for the safety of his passengers under the unusual conditions to which the bus driver was subjected at the time of his death. He also testified:

"I think that this anxiety and nervousness, more so than any physical exertion, would be the factor that caused the coronary to become aggravated enough to cause death."

It should thus be noted that, while Dr. Ventress emphasized anxiety and nervousness, he did not exclude the physical exertion necessitated by decedent's having to stop his bus, get off, and replace the trolley poles on the wires two or three times before he collapsed. While he minimized the effect of the physical exertion, he did not exclude it entirely nor did he testify at any time that there was not a proximate causal relationship between the employment and the death.

It is also well to note in this connection that no charge was asked or given on the question of proximate causal relationship between the conditions, activities and exigencies of the employment and the death. Therefore, when we consider this testimony and the record as a whole, it seems to me that the conclusion is inevitable that the verdict of the jury was so clearly contrary to the manifest weight of the evidence as to require a reversal on that ground and a remanding of the cause for a new trial according to law.