Matthias, J.
The facts constituting the basis of the plaintiff’s claim may be briefly stated as follows:
The plaintiff on or about March 16, 1946, was a truck driver employed by the defendant. On the evening of that day he, by truck, transported a load of petroleum products from Cleveland to Middlefield, .Ohio, and returned to Cleveland early in the morning of Sunday, March 17. He entered Cleveland on Kinsman avenue, returned to the bulk plant of the defendant, went, off duty and went to his home.
At approximately 2:10 a. m. on March 17, the dead body of a woman was found lying in the middle of Kinsman avenue. She was apparently the victim of a *3 hit-skip accident. Investigation by the Cleveland city police disclosed that at approximately the time of the accident a red truck had been seen at the location where the body was found. It was later disclosed that the truck operated by the plaintiff had been in that vicinity about the time indicated. Upon the request of the police the defendant brought the truck to police headquarters for examination. The examination disclosed on the bottom of the truck what appeared to be particles of hair and flesh, which were removed for further examination. The supervisor of truck drivers of the defendant and one of defendant’s attorneys were present at this examination and were informed by the police authorities that they would like to interview the plaintiff.
The supervisor, the attorney and a patrolman went to the home of the plaintiff on the afternoon of March 17 and requested that he accompany them to police headquarters for questioning. The attorney for the defendant acted as counsel for the plaintiff at this questioning. When plaintiff was requested by the police to submit to a lie-detector test, the attorney for the defendant informed him that he need not comply with the request but that if he did it might aid the position of the defendant if it was required to defend any claim growing out of the accident.
The next afternoon the plaintiff appeared at central police headquarters in Cleveland, was further interrogated and submitted to a lie-detector test. The actual test lasted four minutes and eleven questions were asked. At the conclusion of the test the policeman operating the machine told the plaintiff that the charts indicated he had not told the truth.
Plaintiff did not work Monday night or Tuesday night but returned to work Wednesday, March 20, and worked the remainder of the week at his usual task. On Sunday, March 24, while resting at his home plaintiff suffered a stroke and paralysis of the right side of *4 Ms body. He was hospitalized and had a relatively slow recovery, following which he returned to the employment of the defendant as a warehouseman at a reduced rate of compensation.
The claim filed with the Industrial Commission by the plaintiff is that the stroke and paralysis which he suffered was an injury incurred in and arising out of his employment. The evidence disclosed that after the first questioning by the police the plaintiff was in a highly nervous state, smoked incessantly, was restless and had frequent spells of crying and sobbing which continued until the Sunday afternoon when he was stricken.
Assuming that the evidence is sufficient to disclose a causal connection between plaintiff’s condition and his employment, the primary question presented is whether under the Workmen’s Compensation Act he suffered an injury as therein defined.
“Injury” is defined in Section 1465-68, General Code, the pertinent portions of which are as follows:
“Every employee mentioned in section 1465-61, who is injured, and the dependents of such as are killed in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, on and after January 1st, 1914, shall be entitled to receive, either directly from his employer as provided in section 1465-69, or from the State Insurance Fund, such compensation for loss sustained on account of such injury or death, and such medical, nurse and hospital services and medicines, and such amount of funeral expenses in case of death as provided by sections 1465-79 to 1465-87 inclusive.
Í ( * * *
“The term ‘injury’ as used in this section and in the Workmen’s Compensation Act shall include any injury received in the course of, and arising out of, the injured employee’s employment.”
This section in its present form establishes a defini *5 tion of the term, “injury,” substantially more liberal than that previously in effect.
The section was first construed by this court in the ease of Malone v. Industrial Commission, 140 Ohio St., 292, 43 N. E. (2d), 266. The rule laid down in that case has been followed in subsequent cases and, although it constitutes some departure from the rule applied in previous cases, a prerequisite to an award of compensation is the necessity that the “injury” be physical or that there be a traumatic damage, accidental in' character. This rule is well stated in paragraphs one, two and three of the syllabus of the. Malone case, which are as follows:
“1. The term ‘injury’ as used in the Constitution and in Section 1465-68, General Code (117 Ohio Laws, 109), as amended effective July 10, 1937, comprehends a physical or traumatic damage or harm, accidental in its character in the sense of being the result of a sudden mishap occurring by chance, unexpectedly and not in the usual course of events, at a particular time and place.
“2. When, in connection with an intentional act on the part of a workman which precedes an injury to him, something unforeseen, unexpected, and unusual occurs which produces the injury or from which the injury results, it is accidental in character and result. -
“3. When an employee, by reason of the activities, conditions and requirements of his employment, is subjected to a greater hazard than are the members of the general public, and he is accidentally injured thereby, a causal connection between the employment and his injury is established.”
Counsel for plaintiff in their brief state the precise question of law presented in this appeal in the following language:
“Was the plaintiff’s condition of right hemiplegia from a cerebral hemorrhage with aphasis (commonly known as a stroke) proximately caused by an accident *6 al injury arising out of the course of his employment?”
As thus stated, the question that is directly and concisely presented is whether anxiety and worry connected with the employment constitutes an accidental injury, it being claimed that the physical deterioration incapacitating the plaintiff was caused proximately by anxiety and worry.
No cases have been cited wherein this court has held that such anxiety and worry constitutes injury. In the Malone case, supra, death resulted within 12 hours after an attack of heat exhaustion resulting from contact with artificial heat incident to the employment. Thus death in that case resulted from physical contact with an incident of the employment, and the resulting-prostration was proximately caused by such contact.
Much reliance is placed upon the decision of this court in the case of McNees v. Cincinnati Street Ry. Co., 152 Ohio St., 269, 89 N. E. (2d), 138. The facts in that case were that McNees, an operator of a motor bus for the street railway company, suffered a coronary thrombosis which resulted in his almost immediate death. McNees had been driving his bus through an extraordinarily heavy fog, necessitating unusual physical exertion and it was claimed that by reason of such driving conditions he suffered “unusual physical and nervous strain.” However, the primary question presented in that case was whether the answers of the jury to a special interrogatory could be reconciled with the general verdict.
The elements of physical exertion are absent from the instant case and, although it is not controlling, a period of seven days elapsed between the claimed source of worry and the resulting- stroke, during which time the plaintiff worked four days at his regular occupation driving a truck. Thus, the connection with his employment was remote, but, even if it had been immediate, worry and anxiety alone does not under the *7 Ohio Workmen’s Compensation Act constitute an injury.
In passing it should also be noted that the record in the instant case is devoid of any evidence tending to show that the plaintiff at any time suffered with high blood pressure either at the time of his employment or in connection with the investigation and the examination by the police. It was conjectured by an expert witness that such examination probably did cause an increase in plaintiff’s blood pressure, and that is the only possible basis of plaintiff’s claim.' In view of the record, we are of the opinion that the plaintiff’s claim that his disability is an injury caused by the investigation and examination by the police and the use of a lie detector is, under the Workmen’s Compensation Act, unsupported, and that such disability is not compensable.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas with instructions to enter final judgment for the defendant.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart and Stewart, JJ., concur.