Hart, J.
I concur in paragraph two of the syllabus and in the judgment but dissent from paragraph one of the syllabus. My dissent is based upon the fact that in defining compensable injury paragraph one of the syllabus makes accidental means a prerequisite to the compensability of accidental injury. As I conceive the law to be, as expressed by the holdings of this court since the amendment of Section 1465-68, General Code (117 Ohio Laws, 109), now Section 4123.01, Revised Code, making the term, “injury,” used in the statute to mean “any injury received in the course of and arising out of the injured employee’s employment, ’ ’ accidental means is no longer a prerequisite of a compensable accidental injury. See discussion in Malone v. Industrial Commission, 140 Ohio St., 292, at pages 296 to 300, 43 N. E. (2d), 266; and McNees v. Cincinnati St. Ry. Co., 80 N. E. (2d), 498, affirmed, 84 Ohio App., 499, 87 N. E. (2d), 819, reversed on other grounds, 152 Ohio St., 269, 89 N. E. (2d), 138, reversed on appeal after retrial, 90 Ohio App., 223, 275, 101 N. E. (2d), 1.