I respectfully dissent from the majority's decision that genuine issues of material fact as to whether Pascarella's injury was in the course of and arose out of his employment precluded summary judgment in favor of ABX.
Pascarella, a pilot for ABX, sustained his injury in a hotel room when he opened the sliding glass door to step out on the balcony. Nonetheless, based upon the "traveling employee" doctrine and the "hotel fire" doctrine, the majority finds that Pascarella was in the course of his employment when he sustained his injury. In support of these doctrines, the majority primarily relies upon Larson's Worker's Compensation Law and cases from other jurisdictions.
I do not believe that the "traveling employee" and "hotel fire" doctrines can be reconciled with the holdings of the Supreme Court of Ohio which we are obligated to follow. As noted by the majority, the Supreme Court of Ohio has held that an injury is sustained in the course of employment when an "employee engages in activity that is consistent with the contract for hire and logically related to the employer's business." Ruckman v. Cubby Drilling, Inc. (1998), 81 Ohio St.3d 117, 120. Further, "if the injuries are sustained [off premises], the employe[e] * * * must, at the time of his injury, have been engaged in the promotion of his employer's business and in the furtherance of his affairs." Ruckman at 121, quoting Indus. Comm. v. Bateman (1933), 126 Ohio St. 279.
In the present case, Pascarella sustained his injury opening a sliding glass door to see the view from a balcony in his hotel room at the Radisson Harbor Bay in Tampa, Florida. This injury occurred several hours before he was due back at work. Based upon the foregoing precedent from the Supreme Court of Ohio, I do not believe a genuine issue of material fact exists as to whether Pascarella's injury was sustained in the course of his employment. See Kemper v. Daugherty (Feb. 11, 1981), Lorain App. No. 3125, unreported. Moreover, pursuant to the "totality of the facts and circumstances" analysis and the specific factors set forth by the Supreme Court of Ohio in Lord v. Daugherty (1981),66 Ohio St.2d 441, syllabus, and recently reaffirmed in Ruckman, I do not believe that a genuine issue of material fact exists as to whether Pascarella's injury arose out of his employment.
For the foregoing reasons, I dissent and would affirm the decision of the trial court granting summary judgment to ABX.