MEMORANDUM DECISION
Relator, Continental Hose, has filed this original action requesting that this court issue a writ of mandamus ordering the Bureau of Workers' Compensation to reassign the claim of respondent-claimant, Minnie Swartz, to relator's state-fund policy. In the alternative, relator requests a writ of mandamus ordering the Bureau of Workers' Compensation to schedule a hearing before the adjudicating committee to determine the correct risk policy for claimant's claim.
Pursuant to Civ.R. 53 and Section M, Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. The magistrate concluded that the matter needed to be returned to the Bureau of Workers' Compensation to hold a hearing before the adjudicating committee to determine to which risk policy claimant's claim should be assigned.
Respondent, Bureau of Workers' Compensation, has filed objections to the magistrate's decision, contending that no issue remains for determination at a hearing before the adjudicating committee.
According to the magistrate's findings of fact, which we adopt, prior to March 1996, relator was a state-fund employer. In March 1996, claimant began treatment for the occupational disease of "ulnar nerve tardy palsy right elbow." On May 20, 1996, claimant was first diagnosed with the allowed condition. On June 1, 1996, relator became a self-insured employer. June 24, 1996, was the first day claimant missed work because of the allowed condition.
On August 28, 1996, claimant filed an application seeking compensation for the allowed condition and listed relator's state-fund policy number. The bureau, however, assigned the claim to relator's self-insured policy.
On October 31, 1996, relator filed a motion with the Industrial Commission, requesting a hearing to determine the correct risk number to which the claim should be assigned, as relator was state-funded when claimant was diagnosed, but became self-insured before claimant's last day worked. A district hearing officer, by order dated December 16, 1996, denied relator's motion on the basis that the commission lacked jurisdiction to determine the correct risk number. A staff hearing officer affirmed the district hearing officer's order.
As a result, on May 28, 1997, relator sent a letter to the adjudication secretary of the bureau seeking that the claim be assigned to its state-fund policy number, not relator's self-insured number. Relator noted that if the request could not be completed informally, relator was requesting a hearing on the matter. Apparently, at the suggestion of the bureau, relator also filed a motion with the commission seeking that the date of disability be changed from June 24, 1996 to May 20, 1996.
In response, a district hearing officer for the commission ultimately issued a corrected order, mailed September 4, 1997, which found the date of diagnosis to be May 20, 1996, corresponding with the note of Dr. Rohner of that date. The date of disability, the order explained, remained June 24, 1996, the date claimant first missed work due to the allowed claim. No appeal was taken from that order.
On November 7, 1997, relator sent a letter to the legal director of the bureau, requesting the same action requested of the adjudication secretary. The legal director responded that the date of disability, rather than the date of diagnosis, determines the proper risk and whether coverage exists at the time of the occupational disease; that the date of disability in an occupational disease claim is the equivalent of the date of injury in an non-occupational disease claim.
In response, relator sought a hearing before the adjudicating committee, and on May 13, 1998, the adjudicating committee issued an order stating that the claim would be charged to the employer's self-insured policy, as the date of disability was determined to be June 24, 1996. Relator appealed that order and again sought a hearing on the matter. On October 21, 1998, the administrator of the bureau issued an informal order (1) indicating that the issue was the date of disability, (2) adopting the statement of facts contained in the order of the adjudicating committee, and (3) denying relator's request for a hearing. Relator then commenced this action in mandamus.
In resolving the issues here, the magistrate concluded:
 Both the order of the adjudicating committee and the informal order of the administrator indicate that relator is requesting that the date of disability be changed. However, a review of relator's request demonstrates that this not the case. Instead, relator is arguing that the claimant actually became "injured" while the relator was a state-fund policy and not their self-insured policy. This is not a question about the date of disability; instead, the question arises as to whether or not special circumstances exists such that the date of disability should not be the determining factor establishing to which policy the risk of claimant's claim should be assigned. (Emphasis added.)
Contrary to the magistrate's conclusion, even if the issue before the adjudicating committee was not the date of disability, the matter before the adjudicating committee was resolved by a determination of the date of disability. The commission resolved that issue by finding that the date of disability was June 24, 1996, the first day claimant missed work because of the allowed claim. See State ex rel. White v. Mayfield
(1988), 37 Ohio St.3d 11. Because in occupational disease cases the date of disability is the date of injury, that date controls in determining whether the claim here is properly assigned to relator's self-insured risk number.
While relator relies heavily on State ex rel. MarionPower Shovel Co. v. Indus. Comm. (1950), 153 Ohio St. 451, MarionPower Shovel is not dispositive. Apart from the fact that the law applied in that case was substantially different than that applied to claimant's occupational disease, the facts of Marion PowerShovel do not support relator's claim. In Marion Power Shovel, the claimant was subjected to injurious exposure up through November 14, 1946, but was not subjected to such exposure after that date. Prior to November 29, 1946, Marion Power Shovel had been a self-insurer, but after November 29, 1946, was a state-fund risk employer. The claimant's total disability from the occupational disease in that case did not occur until November 3, 1948. Marion Power Shovel sought a writ compelling the commission to assign the claim to its state-fund risk number, but the court found that the last injurious exposure occurred while relator was a self-insured employer. Here, too, the last date of injurious exposure occurred when relator was a self-insured employer.
In the final analysis, the date of injury here is the date of disability, a date which has been established by the commission and which relator did not appeal. Because the date of injury occurred when relator was a self-insured employer, the claim is properly assigned to relator's self-insured risk number. Moreover, remanding the matter to the adjudicating committee for a hearing would be useless, as the date of disability controls the issue the committee is being asked to determine. While the magistrate cites "special circumstances" to be examined at a hearing before the adjudicating committee, the record does not disclose any special circumstances which would affect the outcome of the issue to be resolved before that committee.
For the foregoing reasons, the objections of respondent, Bureau of Workers' Compensation, are sustained. Accordingly, the requested writ is denied.
Objections sustained; writ denied.
BOWMAN and KENNEDY, JJ., concur.