[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 249.]

THE STATE EX REL. OCCIDENTAL CHEMICAL CORPORATION, APPELLANT, *v.*
BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Occidental Chem. Corp. v. Ohio Bur. of Workers' Comp.*,
2001-Ohio-29.]

*Workers' compensation—Employer's switch from self-insured status to state insurance fund status—Employer's insured status at time of employee's injury or injurious exposure controls which fund is responsible for the claim.*

(No. 99-686—Submitted January 9, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-505.

_____

*Per Curiam.*

{¶ 1} Diamond Shamrock Corporation ("Diamond") went through significant corporate changes in the 1980s. Two are relevant here: (1) the convoluted merger of Diamond's chemical division into Occidental Chemical Corporation ("Occidental") and (2) a change in workers' compensation insurance status.

{¶ 2} In 1983, Diamond changed its corporate structure. A holding company of the same name was formed. Nonchemical operations were transferred to newly created subsidiaries of the new Diamond. The chemical component of old Diamond became a subsidiary of the new Diamond and changed its name to Diamond Shamrock Chemicals Company ("Shamrock Chemicals").

{¶ 3} This corporate reorganization presumably prompted a change in the workers' compensation insurance status of the former chemical division. Old Diamond had been self-insured. On July 1, 1984, it canceled its self-insured status, and Shamrock Chemicals, as a result, became a state insurance fund employer. This

is significant because in 1986, new Diamond sold Shamrock Chemicals' outstanding stock to a company owned by Occidental Petroleum Corporation. Shamrock Chemicals was again renamed, and on November 30, 1987, was merged into Occidental Chemical Corporation, appellant herein. As part of the merger, Shamrock Chemicals dropped its separate state fund risk number and moved under Occidental's state fund risk.

{¶ 4} In 1992, Lewis Tobul, who worked for Diamond from 1941 through 1976, died. His widow alleged that his death was due to chemical exposure at a Diamond plant in Painesville. The Industrial Commission of Ohio awarded death benefits against "Diamond Shamrock Chemical Company C/O Occidental Chemical Corporation." No payments, however, were forthcoming.

{¶ 5} While the widow waited, both Occidental and a corporate successor of Diamond, Maxus Energy Corporation, clashed with appellee Bureau of Workers' Compensation—and each other—over responsibility for claims arising while Diamond was self-insured, including Tobul's claim. Occidental argued that because Shamrock Chemicals was insured by the state fund when Occidental bought it, the state fund was the responsible payor. The bureau, however, ruled that companies that changed from self-insured to state fund status retained direct financial responsibility for all claims arising while the company was self-insured— responsibility did not pass to the state fund. Therefore, because (1) the chemical manufacturing portion of Diamond was self-insured during Tobul's injurious chemical exposure, and (2) Occidental was the successor-by-merger of that operation, Occidental, not the state fund, was liable for payment.

{¶ 6} The Self-Insured Review Panel of the bureau stressed:

"Both parties [Occidental and Maxus] have expressed their concerns of potentially being assessed self-insured liabilities when they are not self-insured employers. This Panel is in no way attempting to transfer the self-insured status of Diamond Shamrock Corporation to either of these employers. Instead, this panel

is attempting to ascertain which party is responsible for the self-insured *liabilities*. Self-insured liabilities, like other corporate liabilities, pass to the successor corporations along with the assets.

"After a review of the statement of facts and testimony elicited at the conference, the Panel finds that Occidental Chemical Co. is the employer responsible for those claims attributable to Diamond Shamrock Chemicals Company. Stated simply: the Panel finds that Occidental Chemical Co. is a successor employer to Diamond Shamrock and is therefore responsible for its self-insuring workers' compensation obligations." (Emphasis *sic.*)

{¶ 7} Occidental filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the bureau had abused its discretion in determining that Occidental was responsible for Lewis Tobul's claim. The court of appeals disagreed and denied the writ. This cause is now before this court upon an appeal as of right.

{¶ 8} Occidental does not dispute the principle that the responsibilities of the merged corporation are assumed by the surviving entity. See R.C. 1701.82(A)(4); *ASA Architects, Inc. v. Schlegel* (1996), 75 Ohio St.3d 666, 665 N.E.2d 1083. It instead disputes the determination that liability for decedent's claim ever fell within Shamrock Chemicals' self-insured risk.

{¶ 9} Occidental argues that because decedent died after Shamrock Chemicals had converted to state fund insurance, expenses related to his death were not Shamrock Chemicals' and, hence, not Occidental's after merger. Occidental claims that any statutory or regulatory authority for a contrary finding was not enacted or adopted until after the two companies merged.

{¶ 10} While Occidental's statutory argument is true, *State ex rel. Marion Power Shovel Co. v. Indus. Comm*. (1950), 153 Ohio St. 451, 41 O.O. 438, 92 N.E.2d 14, substantially preceded the merger and supports the bureau's assessment of liability. That case was precipitated by a situation that is not uncommon to

workers' compensation administration—an employer's switch from state fund to self-insured status or vice versa. *Marion Power Shovel* entailed the latter and touched upon a question obvious to the situation—when an employer changes insured status, from what fund do claims that arose before the change continue to be paid? *Marion Power Shovel* ruled that the employer's insured status at the time of injury or injurious exposure controlled. Thus, because the claimant in that case was exposed while the employer was self-insured, the company retained direct responsibility for that claim and could not pass it off to the state insurance fund.

{¶ 11} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., CONCUR.

_____

*Schottenstein, Zox & Dunn, L.P.A., William J. Barath* and *Robert D. Weisman,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellees.

_____