THE STATE EX REL. PILKINGTON NORTH AMERICA, INC., APPELLEE,
v. INDUSTRIAL COMMISSION OF OHIO, APPELLANT, ET AL.

[Cite as *State ex rel. Pilkington N. Am., Inc. v. Indus. Comm.*, 118 Ohio St.3d 161, 2008-Ohio-1506.]

(No. 2007–0747—Submitted February 26, 2008—Decided April 3, 2008.)

Per Curiam.

{¶ 1} Donald F. Stein has an allowed occupational-disease claim. We must determine which employer is amenable for the workers' compensation claim.

{¶ 2} Stein worked at Libbey Owens Ford ("LOF") from 1947 through 1988 and was exposed to asbestos during much of that time. From 1947 until 1970, when it became self-insured, LOF was an employer insured under the state fund. Pilkington North America, Inc. is now the successor to LOF's self-insured claims.

{¶ 3} In 2003, Stein was diagnosed with mesothelioma, and in 2005, his occupational-disease claim was allowed against the self-insured risk under the "last-injurious-exposure principle." Because Pilkington was the successor to LOF's self-insured claims, Pilkington was named the amenable employer. Pilkington petitioned the Court of Appeals for Franklin County for a writ of mandamus, alleging that the commission had abused its discretion in assigning workers' compensation liability to it as a self-insured entity rather than to the state-fund LOF risk.

{¶ 4} The court of appeals agreed. It viewed certain language in *State ex rel. Erieview Metal Treating Co. v. Indus. Comm.*, 109 Ohio St.3d 147, 2006-Ohio-

2036, 846 N.E.2d 515, as limiting the last-injurious-exposure rule to circumstances distinguishable from the case at bar. It ordered the commission to issue an amended order that "appropriately determines allocation of risk liability." 2007-Ohio-1011, 2007 WL 701566, at ¶ 8.

{¶ 5} The commission now appeals to this court as of right.

{¶ 6} Occupational diseases can pose difficult questions of employer amenability for workers' compensation claims. Some common occupational diseases have latency periods of up to 40 years. When an employee has worked for multiple employers during that time, assigning workers' compensation responsibility can be difficult because "it is often impossible to go back over the years to quantify the amount of exposure at each job or to pinpoint which exposure planted the seeds of eventual disease." *Erieview* at ¶ 10.

{¶ 7} This problem inspired the concept of last injurious exposure. Alluded to as early as 1950, see *State ex rel. Marion Power Shovel Co. v. Indus. Comm.* (1950), 153 Ohio St. 451, 456, 41 O.O. 438, 92 N.E.2d 14, the principle assigns responsibility to the employer last providing hazardous exposure. Concededly less than perfect, it "subordinates the practically unattainable scientific accuracy to the next best thing—consistency." *Erieview,* 109 Ohio St.3d 147, 2006-Ohio-2036, 846 N.E.2d 515, ¶ 10.

{¶ 8} This concept prompted the commission to declare Pilkington to be the amenable employer. Pilkington in turn persuaded the court of appeals that the last-injurious-exposure principle did not apply based upon a single sentence from *Erieview*:

{¶ 9} *"Thus far, this theory has appeared before Ohio courts in just one context: before allowance of a claim, in a situation involving several potentially liable employers.* It usually involves a worker who has recently experienced the onset of a long-latency occupational disease such as asbestosis or black lung. It always involves a worker who has been exposed to the injurious substance while working for each of several employers. When that worker files a workers' compensation claim, a question arises: When multiple employers have subjected the worker to the hazard, against which employer should the workers' compensation claim be allowed?" (Emphasis added.) Id. at ¶ 9.

{¶ 10} The emphasized sentence was not intended as a limitation. It was only an observation of the history of our encounters with the theory up to that time. It is not an impediment to application here, nor should it be. The last-injurious-exposure principle is a practical, workable method for assigning responsibility in multiple-employer situations. Pilkington's suggestion to deduct the average latency period from the year of diagnosis and assign liability to the employer that corresponds to that year is no more than a first-injurious-exposure rule, which we decline to adopt.

{¶ 11} The court of appeals limited the application of the rule of last injurious exposure based upon an incorrect reading of *Erieview*. We therefore hold that the commission did not abuse its discretion in finding that Pilkington is the amenable employer. The judgment of the court of appeals is reversed.

Judgment reversed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Marshall & Melhorn, L.L.C., Michael S. Scalzo, and John A. Borell Jr., for appellee.

Marc Dann, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellant.