[Cite as *First Fin. Bank, N.A. v. Lilley*, 2016-Ohio-76.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| FIRST FINANCIAL BANK, N.A., | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-03-026 |
| | : | O P I N I O N |
| - vs - | | 1/11/2016 |
| | : | |
| STEPHEN R. LILLEY, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 13 CV 84556


Mason, Schilling & Mason Co., L.P.A., Jonathan A. Mason, 5181 Natorp Blvd., Suite 202, P.O. Box 498367, Cincinnati, Ohio 45249, for plaintiff-appellee

William G. Fowler, 12 West South Street, Lebanon, Ohio 45036, for defendants-appellants, Stephen R. & Elizabeth A. Lilley


**PIPER, P.J.**

{¶ 1} Defendants-appellants, Stephen and Elizabeth Lilley, appeal a decision of the Warren County Court of Common Pleas awarding attorney fees to plaintiff-appellee, First Financial Bank.

{¶ 2} First Financial and the Lilleys entered into a loan agreement wherein the Lilleys secured a $50,000 commercial cognovit promissory note by mortgaging two parcels of land. When the Lilleys defaulted on repayment of the loan, First Financial secured a judgment on

the cognovit note against the Lilleys. In a separate action, First Financial filed a foreclosure action specific to the two parcels of land that secured the mortgage. Upon the Lilleys' failure to answer the foreclosure action, the magistrate granted First Financial's motions for summary judgment and default judgment. The Lilleys filed a timely objection to the magistrate's decision, which was overruled by the trial court.

{¶ 3} First Financial requested attorney fees based upon a clause in the mortgage regarding payment of attorney fees upon breach of the covenants in the mortgage. After holding a hearing on the matter, the magistrate awarded $16,373 in attorney fees. Although the magistrate determined that $175 per hour was a reasonable fee for First Financial's attorneys to charge, the magistrate determined that the total billable hours of 187.12, as submitted by First Financial, was unreasonable and thus decreased the amount of reasonable hours to 93.56. The magistrate also awarded $150 in expenses and $290 in filing fees, as well as post judgment interest at the statutory rate.

{¶ 4} The Lilleys filed objections to the magistrate's fee determination, arguing that First Financial failed to submit evidence to support the magistrate's decision that 93.56 hours were reasonably spent on the foreclosure action. The trial court overruled the objections and adopted the magistrate's award of attorney fees. The Lilleys now appeal the trial court's decision to award attorney fees, raising the following assignment of error.

{¶ 5} THE WARREN COUNTY MAGISTRATE'S AWARD FOR ATTORNEY FEES IN THE AMOUNT OF $16,373 FOR 93.56 HOURS, (*AS ADOPTED BY THE WARREN COUNTY COMMON PLEAS COURT*) [SIC] WAS UNREASONABLE BECAUSE IT WAS NOT SUFFICIENTLY SUPPORTED BY EVIDENCE ESTABLISHING AN ACCURATE TOTAL FOR THE BILLABLE HOURS INCURRED BY THE APPELLANTS' COUNSEL.

{¶ 6} The Lilleys argue in their assignment of error that the trial court erred in awarding attorney fees as it did.

**{¶ 7}** An appellate court reviews a trial court's determination regarding attorney fees for an abuse of discretion. *Bittner v. TriCounty Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2015-01-001 and CA2015-01-002, 2015-Ohio-4452, ¶ 10.

**{¶ 8}** Determining the reasonableness of attorney fees involves a two-step process. *Bergman Group v. OSI Dev., Ltd.*, 12th Dist. Butler No. CA2009-12-080, 2010-Ohio-3259, ¶ 68. First, the trial court must calculate the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Id.* The calculation provides the trial court with an objective, initial estimate of the value of the attorney's services. *Id.* Unreasonably expended hours are not included in the calculation, which include hours that are duplicative, redundant, unnecessary, or excessive. *Ginn* at ¶ 12. Secondly, the trial court may modify its initial calculation after contemplating the factors set forth in Prof.Cond.R. 1.5. *Bergman Group* at ¶ 70.

**{¶ 9}** Factors in Prof.Cond.R. 1.5(a) include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

It is within the trial court's discretion to decide which of the factors listed in Prof.Cond.R. 1.5 apply and what impact those factors have on its analysis. *Ginn* at ¶ 12.

{¶ 10} After reviewing the record, we find that the trial court did not abuse its discretion in awarding attorney fees as it did. The magistrate determined that the rate of $175 per hour, as charged by First Financial's attorneys, was a reasonable hourly rate. The magistrate heard testimony from First Financial's expert that the rate was reasonable in the geographical area given the type of work performed. The magistrate then addressed the amount of hours requested by First Financial and determined that the amount should be decreased because some of the hours were specific to parts of the case that did not involve the foreclosure. Specifically, the magistrate reviewed the invoices and billing statements, and determined that the hours spent securing the judgment on the cognovit note in a separate case should be excluded.[1] The magistrate also took into consideration the factors listed above, and noted that the case was relatively straightforward and that the Lilleys had no defenses in equity or law.

{¶ 11} The magistrate also noted that the billing invoices submitted by First Financial had vague entries, including performing "due diligence," "legal analysis," and "strategy." As such, the magistrate decreased the number of reasonable hours expended given the vague billing and First Financial's failure to specifically attribute each hour billed to a specific task associated with the foreclosure action. Even so, the magistrate balanced those factors against the fact that the Lilleys made litigation more difficult than it should have been,

---

1. The Lilleys did not object to the introduction of the invoices into evidence, and when specifically asked if they had objection to admission of the invoices, counsel responded, "No objection, Your Honor."

including unnecessarily opposing motions and filing questionable reports. The magistrate also heard testimony from First Financial's expert that the foreclosure action was made more challenging because First Financial did not hold the first priority on one of the mortgages and the Lilleys contested issues throughout the proceedings. As such, the magistrate's decision to award fees based upon the number of reasonable hours was not an abuse of discretion.

{¶ 12} When objecting to the magistrate's decision, the Lilleys argued that the magistrate's finding that 93.56 hours were reasonably expended on First Financial's foreclosure action was erroneous and not supported by the evidence. However, the trial court noted, and we agree, that the magistrate had before it billing invoices, filings from First Financial's counsel, as well as records of the hearings attended by counsel. As such, the magistrate had evidence regarding the amount of work First Financial's counsel performed on the foreclosure aspect of its case. From this evidence, the magistrate was able to ascertain which hours were reasonably expended, and which were not.

{¶ 13} After reviewing the record, we find that the trial court did not abuse its discretion in awarding attorney fees as it did. The Lilleys' single assignment of error is therefore overruled.

{¶ 14} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.