[Cite as *Assured Admin., L.L.C. v. Young*, 2021-Ohio-2159.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

ASSURED ADMINISTRATION, LLC,
et al.,
          Appellants,

       - vs -

THOMAS YOUNG, et al.,

          Appellees.

:

:     CASE NOS. CA2020-11-078
                 CA2020-12-093

:

:     O P I N I O N
          6/28/2021

:

:

:

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CV89876

The Law Firm of Curt C. Hartman, Curt C. Hartman, 7394 Ridgepoint Drive, Suite 8, Cincinnati, Ohio 45230, for appellants

George M. Parker, 11935 Mason-Montgomery Road, Cincinnati, Ohio 45242, for appellants

Patsfall, Yeager & Plfum LLC, Joseph F. Pflum, 205 West Fourth Street, Suite 1280, Cincinnati, Ohio 45202, for appellee, Thomas Young

Helmer, Martins, Rice & Popham Co., Paul B. Martins, 600 Vine Street, Suite 2704, Cincinnati, Ohio 45202, for appellee, Stephen Yeoman

Bruns, Connell, Vollmar & Armstrong LLC, Thomas B. Bruns, Lucinda C. Shirooni, 4750 Ashwood Drive, Suite 200, Cincinnati, Ohio 45241, for appellee, Bethany Sarchet

Garvey Shearer Nordstrom, PSC, John J. Garvey III, Jason E. Abeln, 2388 Grandview Drive, Ft. Mitchell, Kentucky 41017, for appellee, Marc Davis

Cooper & Elliott LLC, Jeffrey T. Kenney, 305 West Nationwide Boulevard, Columbus, Ohio 43215, for appellee, The Greens of Kings Meadows Homeowners Association

**S. POWELL, P.J.**

{¶ 1} Appellants, Assured Administration, LLC, an Ohio limited liability company ("Assured Ohio"), Peter Mather, the managing member of Assured Ohio, and Assured Administration, LLC, a South Carolina limited liability company ("Assured South Carolina") (collectively, "Appellants"), appeal the decision of the Warren County Court of Common Pleas awarding attorney fees in the amount of $235,725.41 plus interest to appellees, The Greens of Kings Meadows Homeowners Association, and its individual officers, Marc Davis, Bethany Sarchet, Steve Yeoman, and Thomas Young (collectively, the "HOA"). For the reasons outlined below, we affirm the trial court's decision, but remand this matter to the trial court for the limited purpose of issuing a nunc pro tunc entry.

## Facts and Procedural History

{¶ 2} This case presents a confusing and convoluted set of facts that ultimately gave rise to this appeal. Many of those facts can be found in this court's prior decision in *Assured Admin., L.L.C. v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953 ("*Assured Admin. I*").[1] In that case, this court found no error in the trial court's decision granting summary judgment to the HOA. This court also found no error in the trial court's decision finding the HOA was entitled to recover their attorney fees in accordance with Section 2.4 of the subdivision's declaration of covenants, conditions, restrictions, liens, and reservation of easements ("DOC"), and Section 2.4 of the DOC and Section VII of the subdivision's design review guidelines ("DRG"). *See id.* at ¶ 20.

---

1. We note that Assured Administration, LLC, an Ohio limited liability company, was referred to as just "Assured" in our earlier decision in *Assured Admin. I*. Although differently named, "Assured" and "Assured Ohio" are the same party.

{¶ 3} Once this case returned to the trial court, the trial court held a hearing on attorney fees in accordance with this court's decision in *Assured Admin. I*. This hearing was held on August 21, 2020. Following this hearing, on October 29, 2020, the trial court issued a decision that found the HOA was entitled to recover a total, aggregate amount of $235,725.41 plus interest in attorney fees from the three appellants to this case, Assured Ohio, Assured Ohio's managing member, Mather, and Assured South Carolina. This decision was made pursuant to this court's decision in *Assured Admin. I*, as well as the language found in the DOC and the DRG. Appellants now appeal the trial court's decision ordering them to pay a total, aggregate amount of $235,725.41 plus interest in attorney fees to the HOA, raising three assignments of error for review. For ease of discussion, we will address Appellants' first and second assignments of error together.

**Appeal**

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED IN EXTENDING THE SCOPE OF THE AWARD OF ATTORNEY FEES IN THE DECISION GRANTING MOTION FOR SUMMARY JUDGMENT SO AS TO EXTEND LIABILITY FOR THE SPECIFIC DOLLAR AMOUNT OF ATTORNEY FEES IN ITS DECISION ON JOINT MOTION FOR ATTORNEY FEES AGAINST PETER MATHER.

{¶ 6} Assignment of Error No. 2:

{¶ 7} THE TRIAL COURT ERRED IN EXTENDING THE SCOPE OF THE AWARD OF ATTORNEY FEES IN THE DECISION GRANTING MOTION FOR SUMMARY JUDGMENT SO AS TO EXTEND LIABILITY FOR THE SPECIFIC DOLLAR AMOUNT OF ATTORNEY FEES IN ITS DECISION ON JOINT MOTION FOR ATTORNEY FEES AGAINST ASSURED ADMINISTRATION, A SOUTH CAROLINA LIMITED LIABILITY

COMPANY.

{¶ 8} In their first and second assignments of error, Appellants argue the trial court erred by ordering Mather and Assured South Carolina to pay on the trial court's award of attorney fees to the HOA. To support these claims, Appellants raise ten separate issues. Those ten issues, however, do nothing more than confuse the otherwise straightforward question presented in this case.[2] That being, whether Mather and Assured South Carolina can be ordered to pay on the trial court's award of attorney fees to the HOA given that neither Mather nor Assured South Carolina were specifically named as parties in the trial court's decision. Finding that they can, we affirm the trial court's decision.

**Mather, the Managing Member of Assured Ohio, Can be Held Liable on the Trial Court's Award of Attorney Fees to the HOA**

{¶ 9} Although raising several different issues, the crux of Mather's argument rests on whether he can be held liable to pay on the trial court's award of attorney fees to the HOA since he was not listed as a party to the action when the trial court entered its judgment awarding the HOA with its attorney fees, a judgment that this court later affirmed in *Assured Admin. I.* Mather, however, was then, and is still now, a party to this case; a party who filed a variety of claims against the HOA that necessitated the HOA (both The Greens of Kings Meadows Homeowners Association and its individual officers, Davis, Sarchet, Yeoman, and Young) to incur attorney fees in defending against those claims. This holds true despite the fact that Mather does not appear as a named plaintiff in the case caption of the second,

---

2. We appreciate the thoroughness exhibited by each of the parties to this case. This court, however, is not required to decide each issue that is raised on appeal. Rather, as set forth under App.R. 12(A)(1)(b), this court is instead required to "[d]etermine [an] appeal on its merits on the *assignments of error* set forth in the briefs under App.R. 16, the record on appeal under App.R. 9, and, unless waived, the oral argument under App.R. 21[.]" (Emphasis added.) Similarly, under App.R. 12(A)(1)(c), unless an assignment of error is made moot by a ruling on another assignment of error, this court is required to "decide each *assignment of error* and give reasons in writing for its decision." (Emphasis added.) Therefore, in accordance with App.R. 12(A)(1)(b) and (c), this court will rule on the assignments of error presented, rather than rule on each of the ten issues raised by the Appellants herein. *CitiMortgage, Inc. v. Guinther*, 10th Dist. Franklin No. 12AP-654, 2013-Ohio-4014, ¶ 42 ("[t]his court rules on assignments of error only, and will not address mere arguments").

third, and fourth amended complaints, as well as the fact that the trial court subsequently dismissed Mather's defamation, slander of title, and civil conspiracy claims against the HOA.  This is because, as the trial court stated:

> One cannot bring a claim and then simply by having a claim dismissed under Civ.R. 12(B) then claim they are no longer a party to the case.  They remain a party to the case even though they have no claims remaining.

{¶ 10} This court's decision is further supported by the language found in R.C. 5312.13, which provides:

> The owners association and all owners, residents, tenants, and other persons lawfully in possession and control of any part of an ownership interest shall comply with any covenant, condition, and restriction set forth in any recorded document to which they are subject, and with the bylaws and the rules of the owners association, as lawfully amended.  **Any violation is grounds for the owners association or any owner to commence a civil action for damages, injunctive relief, or both, and an award of court costs and reasonable attorney's fees in both types of action.**

(Bold emphasis added.)   "R.C. 5312.13 therefore imposes a liability for attorney fees incurred by an owners association in seeking legal redress of a violation of 'any covenant, condition, and restriction set forth in any recorded document to which they are subject.'" *PHH Mortg. Corp. v. Messersmith*, 12th Dist. Warren No. CA2018-05-057, 2019-Ohio-594, ¶ 27.

{¶ 11} The language found in R.C. 5312.13 provides the HOA with similar enforcement rights as the language found in Section VII of the DRG.  Pursuant to that section of the DRG:

> The Declarant, the Board, acting on behalf of the Association, and any Owner of any Lot, shall be entitled to prosecute any proceeding at law or in equity provided herein, **against any person or entity violating or attempting to violate any of the covenants, easements, conditions or restrictions contained herein from so doing** and shall be entitled to

> prevent any such person or entity so violating these covenants, easements, conditions and restrictions contained herein from so doing **and shall be entitled to recover damages, including attorney fees and litigation expenses incurred, as a result of such violation.**

(Bold emphasis added.)

{¶ 12} The trial court relied on Section VII of the DRG (and Section 2.4 of the DOC) when finding the HOA was entitled to recover its attorney fees. This court subsequently affirmed that decision in *Assured Admin. I*, thereby rendering it the law of the case. *Id.*, 2019-Ohio-3953 at ¶ 20. Therefore, given its similarities with Section VII of the DRG, the language found in R.C. 5312.13 provides further support for the trial court's decision ordering Mather, the managing member of Assured Ohio, to pay on its award of attorney fees to the HOA. *See, e.g., PHH Mortg. Corp.*, 2019-Ohio-594 at ¶ 27 ("[a]s Messersmith is an owner subject to a covenant which she violated, and her violation resulted in a civil suit by the Association to enforce compliance of the covenant, Messersmith is subject to an order requiring her to pay attorney fees pursuant to R.C. 5312.13"). Mather's claims otherwise lack merit.

{¶ 13} In light of the foregoing, and after a thorough review of the record, we find no error in the trial court's decision ordering Mather to pay on its award of attorney fees to the HOA. In reaching this decision, we note that to hold otherwise would reward Mather by allowing him to avoid paying the HOA's attorney fees when that would not have been the result had Mather not been removed from the case caption upon the filing of the second, third, and fourth amended complaints. This would hold true even if Mather was not a signatory to the DOC and/or the DRG. This is because, as noted above, it was Mather himself, and not just Assured Ohio, who filed suit against the HOA, thereby necessitating the HOA to incur additional attorney fees in defendant against those claims. Therefore,

given that Mather never ceased to be a party to the case, a party whose actions necessitated the HOA to incur additional attorney fees, the trial court did not err by ordering Mather to pay on its award of attorney fees to the HOA.

{¶ 14} In so holding, and in an effort to avoid creating even further confusion in the procedural history of this case, we find it necessary to remand this cause to the trial court with instructions to issue the nunc pro tunc order previously requested by the HOA in its February 12, 2020 motion for "nunc pro tunc order to correct the record regarding plaintiff Peter Mather." For reasons unrelated to this appeal, the trial court found the HOA's motion moot. In reaching that decision, however, the trial court made it clear that its decision granting summary judgment to the HOA, including its decision finding the HOA was entitled to recover its attorney fees, would have pertained to both Assured Ohio *and* Mather had the case been properly captioned. We agree with the trial court's assessment of the record. Such a result is, in fact, necessary given that a contrary holding would be in direct conflict with the trial court's ultimate decision ordering the three appellants to this case, Assured Ohio, Assured Ohio's managing member, Mather, and Assured South Carolina, to pay on its award of attorney fees to the HOA.

## Assured South Carolina Can be Held Liable on the Trial Court's Award of Attorney Fees to the HOA

{¶ 15} Just like Mather, although raising several different issues, the crux of Assured South Carolina's argument also rests on whether it can be held liable to pay on the trial court's award of attorney fees to the HOA since it was not listed as party to the action when the trial court entered its judgment awarding the HOA attorney fees. However, there is no dispute that, just as the trial court found, Assured Ohio "merged out of existence" and into Assured South Carolina prior to the trial court issuing its decision awarding attorney fees to the HOA. Assured South Carolina, therefore, can be held liable on the trial court's award

of attorney fees to the HOA.

{¶ 16} Pursuant to R.C. 1701.82(A)(4), subject to certain limitations that are not applicable here, when a merger becomes effective, "the surviving or new entity is liable for all the obligations of each constituent entity, including liability to dissenting shareholders." In other words, R.C. 1701.82(A)(4) provides that "the responsibilities of the merged corporation are assumed by the surviving entity." *State ex rel. Occidental Chemical Corp. v. Bureau of Workers' Comp.*, 91 Ohio St.3d 249, 250 (2001). That is to say, "[t]he merged entity posses[ses] all of the property and interests and is liable for all of the obligations of its constituent corporations by operation of law." *Ohio ex rel. Montgomery v. Louis Trauth Dairy*, S.D.Ohio No. C-1-93-553, 1996 U.S. Dist. LEXIS 9176, *17 (Apr. 24, 1996). Therefore, because there is no dispute that Assured South Carolina is the surviving entity that emerged after Assured Ohio "merged out of existence," the trial court did not err by ordering Assured South Carolina to pay on its award of attorney fees to the HOA. Accordingly, having found no merit to any of the arguments raised by Appellants herein, Appellants' first and second assignments of error lack merit and are overruled.

{¶ 17} Assignment of Error No. 3:

{¶ 18} THE TRIAL COURT ERRED IN AWARDING ATTORNEY FEES AND EXPENSES IN THE TOTAL AMOUNT OF $235,725.41 IN THE DECISION ON JOINT MOTION FOR ATTORNEY FEES.

{¶ 19} In their third assignment of error, Appellants argue the trial court erred by ordering them to pay a total, aggregate amount of $235,725.41 plus interest in attorney fees to the HOA. We disagree.

{¶ 20} Despite Appellants' claims that a de novo standard of review applies, it is well-established that an award of attorney fees is actually reviewed under an abuse of discretion

standard. *Mike Castrucci Ford Sales, Inc. v. Hoover*, 12th Dist. Clermont No. CA2009-03-016, 2009-Ohio-4823, ¶ 11, citing *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991). That means the trial court's decision regarding an award of attorney fees will not be disturbed on appeal absent an abuse of that discretion. *First Fin. Bank, N.A. v. Lilley*, 12th Dist. Warren No. CA2015-03-026, 2016-Ohio-76, ¶ 7. "An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment." *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2015-01-001 and CA2015-01-002, 2015-Ohio-4452, ¶ 11, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'A decision is unreasonable if there is no sound reasoning process that would support that decision.'" *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 8, quoting *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990).

{¶ 21} Just as they did in their first and second assignments of error, Appellants also raise a number of issues to support their claim that the trial court erred by ordering them to pay a total, aggregate amount of $235,725.41 plus interest in attorney fees to the HOA. Appellants' arguments, however, fail to indicate how the trial court's decision was unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. That is to say, Appellants' arguments fail to establish that the trial court abused its discretion in awarding attorney fees to the HOA in the amount that it did. This is because, as the record clearly indicates, the trial court's decision was supported by a sound reasoning process.

{¶ 22} In so holding, we believe the trial court said it best when granting the HOA's motion for attorney fees by noting that such an award was proper given that, in bringing this action, Appellants "chose to sue the homeowner's association and four of its members individually," which ultimately resulted in the "filing [of] three additional amended complaints

listing the HOA members in their individual capacity." "These actions," the trial court continued, "resulted in multiple attorneys spending significant hours working on this case." We agree. Therefore, finding no error in the trial court's decision ordering Appellants to pay a total, aggregate amount of $235,725.41 plus interest in attorney fees to the HOA, Appellants' third assignment of error also lacks merit and is overruled.

{¶ 23} Judgment affirmed, but remanded to the trial court for the limited purpose of issuing a nunc pro tunc entry.

HENDRICKSON, J., concurs.

BYRNE, J., concurs in part and concurs in judgment only in part.


**BYRNE, J. concurring separately in part and in judgment only in part.**

{¶ 24} I concur with and join the majority with respect to Assignments of Error Nos. 2 and 3. With respect to Assignment of Error No. 1, I reach the same result as the majority, that the assignment of error should be overruled and the trial court affirmed in full – but I reach that result for, in part, different reasons than the majority.

{¶ 25} Though Appellants' arguments in support of Assignment of Error No. 1 are presented as eight "issues," those "issues" really boil down to just two arguments, broadly speaking. First, Appellants argue that Mather was not a party to this case during the relevant time period. The majority rejects this argument and concludes that Mather has at all times been a party in this case. I agree that Mather has always been a party to this case, and I concur fully with the majority's reasoning on this point.

{¶ 26} Second, Appellants argue that the trial court decision holding Mather individually liable for the HOA's attorney fees was error because it was in derogation of the "American rule" and because Mather was not a party to the contract giving rise to attorney

fee liability. The majority rejects this argument and concludes that R.C. 5312.13, Section VII of the Design Review Guidelines ("DRG"), and the fact that Mather filed suit in his individual capacity and caused the HOA to incur attorney fees provided grounds for imposing attorney fees personally on Mather. I respectfully disagree with the majority's reasoning on this point.

{¶ 27} Ohio has long adhered to the "American rule" with respect to recovery of attorney fees: a prevailing party in a civil action may not recover attorney fees as a part of the costs of litigation. *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, ¶ 7, citing *Nottingdale Homeowners' Assn., Inc. v. Darby*, 33 Ohio St.3d 32, 33-34 (1987); *State ex rel. Beebe v. Cowley*, 116 Ohio St. 377, 382 (1927). However, there are several exceptions to this rule. Attorney fees may be awarded when a statute or an enforceable contract specifically provides for the losing party to pay the prevailing party's attorney fees or when the prevailing party demonstrates bad faith on the part of the unsuccessful litigant. *Nottingdale* at 34; *Pegan v. Crawmer*, 79 Ohio St.3d 155, 156 (1997). Additionally, "the American rule allows an award of attorney fees to the prevailing party as an element of compensatory damages when the jury finds that punitive damages are warranted." *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 160 Ohio St.3d 32, 2020-Ohio-1056, ¶ 9.

{¶ 28} The bad faith exception and the punitive damages exception do not apply here as the trial court made no finding that Mather acted in bad faith and because the trial court did not award punitive damages. That leaves the statutory and contractual exceptions to the American rule.

{¶ 29} While the majority holds that R.C. 5312.13 provides a basis for Mather's individual liability, I respectfully disagree. The statute states that it applies to "[t]he owners

association and all owners, residents, tenants, and other persons lawfully in possession and control of any part of an ownership interest * * *." But the record does not indicate that Mather is a resident or tenant of a property in the Kings Meadow development. Nor does the record indicate that Mather is an owner of any property in the development or that he is an "other person[] lawfully in possession and control of any part of an ownership interest" in any property in the development. Mather did assert a claim that he was not the owner of Lot 13 and that the defendants falsely and maliciously referred to him as the owner of Lot 13, but the trial court dismissed Mather's defamation claim without resolving whether Mather was or was not the owner of Lot 13. I would therefore conclude that R.C. 5312.13 cannot be applied to Mather.

{¶ 30} This leaves only the contractual exception to the American rule. The majority relies on Section VII of the DRG. While Mather was the managing member of Assured Ohio and he signed the "Declaration of Covenants, Conditions, Restrictions, Liens and Reservations of Easements of the Greens of Kings Meadow Home Owners Association" on behalf of Assured Ohio, and those Declarations incorporated the DRG, I would find that Section VII of the DRG does not apply to Mather because, generally, a party signing a contract as a corporate officer is not individually liable. *West Shell Commercial, Inc. v. NWS, L.L.C.*, 12th Dist. Butler No. CA2006-06-154, 2007-Ohio-460, ¶ 8. Corporate officers have sometimes been held personally liable for a contract if they signed the contract "in a way that indicates personal liability." *Spicer v. James*, 21 Ohio App.3d 222, 223 (2d.Dist.1985). However, that is not the case here, where the Declarations stated that Mather's signature was on behalf of "Greens of Kings Meadow, LLC, an Ohio limited liability company," and where his title of "Managing Member" was listed immediately after his signature. There is nothing in the record that indicates that Mather, as an individual, was

party to the Declarations or subject to the DRG.

{¶ 31} I acknowledge that Section VII of the DRG states that the HOA or the owner of any lot in the development are entitled to prosecute proceedings at law or equity "against *any person* or entity violating or attempting to violate any of the covenants, easements, conditions, or restrictions contained herein," and "shall be entitled to recover * * * attorney fees." I also acknowledge that this language is arguably broad enough to apply to Mather. Homeowners' associations commonly use provisions such as this to obtain attorney fees from owners subject to the association covenants when those owners violate those covenants. *See Nottingdale* at 36; *Northwoods Condominium Owners Assoc. v. Arnold*, 147 Ohio App.3d 343 (8th Dist.2002). However, in such cases the award of attorney fees in derogation of the "American rule" is supported by the inclusion of the covenant on the homeowner's deed, and/or by operation of R.C. 5313.12. Mather is different, as he is simply a corporate officer and owner of Assured Ohio, not an individual party to the Declarations or the DRG, or a property owner, resident, or tenant, and I do not believe the open-ended language in Section VII of the DRG allows the corporate veil to be pierced in order to apply Section VII of the DRG to Mather as an individual. Nor did HOA argue that the corporate veil should be pierced in order to impose individual liability on Mather.

{¶ 32} The majority also states that Mather would be liable "even if Mather was not a signatory to the DOC and/or the DRG," because "it was Mather himself, and not just Assured Ohio, who filed suit against the HOA thereby necessitating the HOA to incur additional attorney fees * * *." I understand the appeal of finding that Mather may be individually liable for attorney fees because he caused the opposing side to incur attorney fees. But I do not think the fact that Mather filed suit should allow us to ignore the American rule. In fact, the American rule specifically provides that those who file suit are not liable

for attorney fees unless some specific exception applies, and none applies here.

{¶ 33} But while I disagree with the majority's reasoning regarding Mather's individual liability for attorney fees, I agree with the majority that Assignment of Error No. 1 should be overruled. I would overrule that assignment because Appellants failed to make their arguments about Mather's individual liability in the court below. "It is axiomatic that an appellate court will not consider any error which the complaining party could have called to the attention of the lower court at a time when such alleged error could have been avoided or corrected by the lower court." *U.S. Bank Natl. Assn. v. Golf Course Mgt., Inc.*, 12th Dist. Clermont No. CA2008-08-078, 2009-Ohio-2807, ¶ 42. Appellants waived the individual liability argument.

{¶ 34} Appellants try to avoid the consequences of their waiver by arguing that they did not have the opportunity to make their arguments about Mather's individual liability in the court below. Appellants are incorrect. HOA made clear, in their February 12, 2020 motion for a nunc pro tunc order, that they were seeking attorney fees not only from Assured Ohio and Assured South Carolina, but also from Mather as an individual. Appellants had multiple opportunities to argue that Mather could not be held individually liable, including in their June 19, 2020 Memorandum Contra to Defendant's Motion for Attorney's Fees, but they failed to make that argument. In these circumstances, Appellants waived the argument that Mather cannot be held individually liable.[3]

{¶ 35} For these reasons I concur in part and respectfully concur in judgment only in part.

---

3. It is notable that HOA made no effort whatsoever in their appellate brief to defend, on the merits, the trial court's imposition of attorney fees on Mather as an individual. Instead, HOA relied on Appellants' forfeiture of the argument that Mather could not be individually liable. To me, this indicates a tacit acknowledgement that the award of attorney fees against Mather had no sound legal basis.