[Cite as *Ginn v. Stonecreek Dental Care*, 2022-Ohio-51.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| DAVID R. GINN, DDS, | : | |
| Appellant, | : | CASE NO. CA2021-07-013 |
| | : | O P I N I O N |
| - vs - | | 1/10/2022 |
| | : | |
| STONECREEK DENTAL CARE, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CVH 20120459

Law Offices of Russell A. Kelm, and Russell A. Kelm and Ian M. King, for appellant.

Carpenter Lipps & Leland LLP, and Michael H. Carpenter and Katheryn M. Lloyd; Wood & Lamping, LLP, and Jeffrey R. Teeters, for appellee, Stonecreek Dental Care.

Kegler, Brown, Hill & Ritter, LPA, and Christopher J. Weber, for appellee, R. Douglas Martin, DDS.

**PIPER, P.J.**

{¶1}    Appellant, David Ginn, appeals a decision of the Fayette County Court of Common Pleas denying his request for attorney fees from appellee, Douglas Martin.

{¶2}    In 2010, Doctors Martin and Ginn entered into a contract for the sale of a dental practice.  The contract contained a noncompete clause prohibiting Martin from

working within 30 miles of the dental practice Martin sold to Ginn. The agreement also contained a provision allocating attorney fees to the prevailing party should litigation regarding the contract occur.

{¶3} Martin eventually entered into an employment contract with the Chillicothe office of Stonecreek Dental, which then began radio commercials using Martin's voice. Ginn filed a complaint against Martin for breach of their noncompete agreement as well as a claim against Stonecreek Dental for tortious interference with business relationships and tortious interference with a contract.

{¶4} The procedural history of this litigation reveals two separate jury trials, each followed by an appeal. The first jury determined that Martin breached the noncompete clause and awarded Ginn $125,000 from Martin. Martin was subsequently ordered to pay Ginn attorney fees incurred because of his enforcement of the noncomplete clause claim. A second jury awarded Ginn $1,500,000 from Stonecreek for the part it played in Martin's violation of the noncompete clause. This court separately affirmed both jury verdicts on appeal.[1]

{¶5} When the first verdict was obtained against Martin, Ginn moved the court for attorney fees as the prevailing party per the sale contract provision. Within the summary of fees, Ginn also included fees he had incurred relative to a summary judgment motion involving Stonecreek. However, the trial court denied Ginn's request, finding that the fees associated with Stonecreek were not recoverable under the dental practice sales contract between Ginn and Martin. The trial court also reduced the hourly rate Ginn requested, finding $250 a reasonable hourly rate. Ginn then appealed the trial court's decision,

---

1. For a detailed discussion of the previous appellate history of this matter, *see Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2018-09-018, CA2018-09-019, and CA2018-11-022, 2019-Ohio-3229, at ¶ 4-9.

challenging the trial court's reduction of the hourly rate. This court affirmed the trial court's attorney fee award. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2015-01-001 and CA2015-01-002, 2015-Ohio-4452. Ginn's matter versus Stonecreek then proceeded to a second trial.

{¶6} After Ginn obtained the latest verdict against Stonecreek, he moved the trial court to order Martin to pay the attorney fees Ginn incurred in his case against Stonecreek. Ginn argued that Martin was responsible for paying the fees as the non-prevailing party based on the sales contract. Ultimately, the trial court denied Ginn's application for fees based on the doctrines of res judicata, collateral estoppel, and law of the case.

{¶7} The trial court further reasoned that Martin was no longer a party to the action because he obtained a satisfaction of judgment once he paid the judgment awarded against him after the first trial, which included an award of attorney fees. Ginn now appeals the trial court's decision denying his motion for attorney fees, raising two assignments of error.

{¶8} Assignment of Error No. 1:

{¶9} THE TRIAL COURT ERRED IN DENYING GINN'S MOTION FOR ATTORNEY FEES AND COSTS.

{¶10} Assignment of Error No. 2:

{¶11} THE TRIAL COURT ERRED BY INTERPRETING THE CONTRACT TO EXCLUDE ATTORNEY FEES ASSOCIATED WITH GINN'S PURSUIT OF CLAIMS AGAINST STONECREEK.

**Standard of Review**

{¶12} An award of attorney fees is reviewed under an abuse of discretion standard. *Mike Castrucci Ford Sales, Inc. v. Hoover*, 12th Dist. Clermont No. CA2009-03-016, 2009-Ohio-4823, ¶ 11. Accordingly, a trial court's decision regarding an award of attorney fees will not be disturbed on appeal absent an abuse of that discretion. *First Fin. Bank, N.A. v.*

- 3 -

*Lilley*, 12th Dist. Warren No. CA2015-03-026, 2016-Ohio-76, ¶ 7.

{¶13} An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Assured Administration, LLC v. Young*, 12th Dist. Warren Nos. CA2020-11-078 and CA2020-12-093, 2021-Ohio-2159, ¶ 20. A decision is unreasonable if there is no sound reasoning process that would support the decision. *Stidham v. Wallace*, 12th Dist. Madison No. CA2012-10-022, 2013-Ohio-2640, ¶ 8.

{¶14} However, the applicability of legal doctrines including res judicata, collateral estoppel, and law of the case are legal questions, which this court reviews de novo. *Verbillion v. Enon Sand & Gravel, LLC*, 2d Dist. Clark No. 2021-CA-1, 2021-Ohio-3850, ¶ 91.

{¶15} Ginn argues in his first assignment of error that the trial court abused its discretion in denying his motion for attorney fees because, as the prevailing party, he was contractually permitted to recover attorney fees. He also argues that the issue of attorney fees being payable pursuant to the contract between Ginn and Martin is not barred by res judicata, law of the case, or collateral estoppel. Similarly, Ginn argues in his second assignment of error that the trial court erred by excluding any award of attorney fees involving Stonecreek from the contract between himself and Martin.

**Satisfaction of Judgment**

{¶16} Ginn argues that the issue of attorney fees as incurred specific to Stonecreek was not ripe until the jury trial against Stonecreek was concluded and all associated appellate remedies exhausted. However, the trial court determined that the attorney fee issue had already been resolved as it related to the actual parties to the contract, Ginn and Martin.

{¶17} The contract provision regarding attorney fees between Ginn and Martin

provided that "the non-prevailing party hereby agrees to be responsible for all reasonable attorneys' fees and court costs incurred by the prevailing party." The trial court determined that Martin had previously been found liable to Ginn for violating the noncompete clause, had paid the judgment ordered against him, and had been released by Ginn as a party through a satisfaction of judgment, which was filed in 2016.

{¶18} Based on the satisfaction of judgment, the trial court determined that Martin was no longer liable under the contract as the non-prevailing party for the subsequent intentional tort claim Ginn pursued against Stonecreek. According to the satisfaction of judgment, Martin paid Ginn $232,227.06 "in full satisfaction" of the verdict against him, as well as the attorney fees awarded by the trial court according to the contractual provision noted above. In return, Ginn "stipulates and acknowledges that the Judgments entered in his favor in this matter have been satisfied in full, and that Defendant Martin is hereby released from the Judgements *and all obligations associated therewith*." (Emphasis added.) The trial court then acknowledged the satisfaction and ordered the Clerk of Courts to "cancel, satisfy, and discharge" Martin.

{¶19} By virtue of the release, Ginn agreed to discharge Martin from any further "obligations" that were associated with the contract for which he was found in breach, and for which breach he was ordered to pay judgment and attorney fees. Thus, and even if the contract provision allocating attorney fees applied to future claims Ginn may have brought against Stonecreek pursuant to the sales contract, Ginn released Martin from any obligation associated with the contract provision. As such, the trial court properly determined that Ginn had no valid claim for attorney fees from Martin and properly dismissed Ginn's motion.

**Res Judicata**

{¶20} The trial court also determined, and we agree, that res judicata further bars Ginn's motion for attorney fees. Res judicata operates "to preclude the relitigation of a point

of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *State ex rel. Kroger Co. v. Indus. Comm. of Ohio,* 80 Ohio St. 3d 649, 651 (1998). Where there is a valid, final judgment rendered upon the merits, res judicata bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject of the previous action. *Faierman v. Conrad*, 12th Dist. Butler Nos. CA2003-10-271 and CA2003-10-272, 2004-Ohio-6319, ¶ 16.

{¶21} In its judgment entry denying Ginn's request for attorney fees, the trial court found that the issue of attorney fees, and who was responsible for paying them, was an issue that had been determined after Ginn won a jury verdict against Martin and the trial court awarded attorney fees associated with that judgment. There is no disagreement that Ginn was the prevailing party when the jury determined that Martin was liable to Ginn for violating the noncompete clause. Ginn then submitted a motion for attorney fees that included the fees related to his prosecution of the noncompete against Martin, as well as fees generated in relation to actions taken against Stonecreek.

{¶22} The trial court ruled that fees associated with actions against Stonecreek were not subject to the contract between Ginn and Martin, and ruled that only fees incurred as a result of *Martin's* actions as the non-prevailing party would be recoverable under the contract. Ginn did not appeal that issue, but instead, appealed the trial court's attorney fee order as it pertained to the hourly rate.

{¶23} As stated in this court's decision,

> Dr. Ginn argues the trial court erred in calculating the amount of attorney fees it ordered Dr. Martin to pay. Specifically, Dr. Ginn asserts the trial court should have used the actual rate charged by Dr. Ginn's Columbus-based attorneys in calculating the award of attorney fees rather than using an hourly rate of a Fayette County attorney of $250.

*Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2015-01-001 and CA2015-01-

002, 2015-Ohio-4452, ¶ 10.  Had Ginn wanted to appeal the trial court's determination that fees associated with Stonecreek were not subject to the sales contract, Ginn could have done so in his direct appeal of that decision.  Having failed to appeal the trial court's ruling on the matter, the doctrine of res judicata bars Ginn from now relitigating the issue.  Thus, the trial court properly denied Ginn's motion for attorney fees.

**Collateral Estoppel**

{¶24}  The trial court also determined that collateral estoppel applied to bar Ginn's request for attorney fees.  Collateral estoppel prevents relitigation in a different cause of action of an issue that has been actually and necessarily litigated and determined.  *Balboa Ins. Co. v. S.S.D. Distrib. Sys.*, 109 Ohio App.3d 523 (12th Dist.1996).  To successfully assert collateral estoppel, a party must plead and prove the following elements:

> (1)  The party against whom estoppel is sought was a party or in privity with a party to the prior action;
>
> (2)  There was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;
>
> (3)  The issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and
>
> (4)  The issue must have been identical to the issue involved in the prior suit.

*Id.* at 528.

{¶25}  After reviewing the record, we find that the trial court properly determined that collateral estoppel barred Ginn's attorney fee request.  First, the record clearly indicates that the parties to the current and prior actions were the same when Ginn asked the court to order Martin to pay fees Ginn incurred in his prosecution of tortious interference claims filed against Stonecreek.  In the current appeal, similarly, Ginn asked the court to order Martin to pay fees he incurred in his prosecution of tortious interference with a contractual obligation filed against Stonecreek.

{¶26} Secondly, once Ginn asked the court to award attorney fees after the jury verdict against Martin and included in that request time spent on issues related to Stonecreek, Martin argued that such fees were not subject to the contract because Stonecreek was not a party to the original contract between Ginn and Martin.

{¶27} Specifically, Martin argued in his memorandum in opposition to Ginn's motion for attorney fees, that "fees that were incurred * * * to litigate against Stonecreek are not recoverable under the Contract." Within its reply to Martin's memorandum in opposition, Gin asserted that he had included the time spent on issues related to Stonecreek because "those charges are directly attributable to Dr. Martin's breach of the non-compete" and thus should not be "excluded" by the trial court. Thus, the issue was briefed by both parties and the trial court ruled on the matter, finding that fees related to Stonecreek were excluded and that only those hours spent "enforcing the non-compete" were awarded.

{¶28} Thirdly, and as noted above, the issue was tried before the trial court, and the trial court ruled on the Stonecreek issue in order to determine its final judgment and the exact amount of attorney fees awardable under the contract.

{¶29} Lastly, the issue is identical in that the question posed is whether Martin is contractually liable to pay attorney fees related to Ginn's prosecution of claims against Stonecreek. Thus, after reviewing these elements, Ginn's ability to recover attorney fees from Martin for fees expended against Stonecreek is further barred by collateral estoppel.

### Law of the Case Doctrine

{¶30} The trial court also determined that law of the case barred Ginn's request for attorney fees. However, as we have previously determined that Ginn's request for attorney fees was properly denied under both the doctrine of res judicata and the doctrine of collateral estoppel, we find the issue of whether the law of the case doctrine was applicable to the facts of this case is moot.

**Conclusion**

**{¶31}** After reviewing the record, we find that the trial court properly denied Ginn's motion for attorney fees against Martin for the reasons addressed above. As such, Ginn's two assignments of error are overruled.

**{¶32}** Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.