[Cite as *PNC Bank, Natl. Assn. v. Seward*, 2022-Ohio-3692.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | : | CASE NO. CA2022-02-002 |
| Appellee, | : | O P I N I O N<br>10/17/2022 |
| | : | |
| - vs - | : | |
| | : | |
| JODY SEWARD aka JODY<br>HONEYCUTT-GRIZZLE, et al., | : | |
| Appellant. | : | |

CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 17CV031020

Brock & Scott, PLLC, and Robert H. Young, for appellee.

Bieser, Greer & Landis LLP, and David P. Williamson, for appellant.

**M. POWELL, P.J.**

{¶ 1} Appellant, Jody Seward aka Jody Honeycutt-Grizzle, appeals a decision of the Preble County Court of Common Pleas granting summary judgment in favor of appellee, PNC Bank, National Association ("PNC"), in a foreclosure action.

{¶ 2} On July 5, 2006, Jody and her husband, John Seward, acquired title to real property pursuant to a joint and survivorship deed. John signed a promissory note payable

to Sommerville National Bank in the amount of $71,505. The note was secured by a mortgage on the property; the mortgage was executed by both John and Jody. Sommerville National Bank assigned the mortgage to National City Bank. That bank was subsequently merged into PNC in 2008-2009.

{¶ 3} On May 2, 2011, John passed away and Jody became the sole owner of the property pursuant to her rights of survivorship. An estate for John was never opened. Jody sought a loan modification from PNC. PNC informed Jody she was not eligible for a loan modification because John was the borrower; further, it would not discuss the loan with her until she was appointed executor/administrator of John's estate. Nevertheless, Jody continued to make payments on the loan both directly and through a mortgage assistance program.

{¶ 4} On March 28, 2014, PNC filed a complaint in foreclosure (the "2014 Foreclosure"), alleging the loan was in default. Invoking the note's acceleration clause, PNC declared the entire debt due and sought judgment in the amount of $66,717.35, plus interest, from March 9, 2014. According to an affidavit submitted by Sarah Greggerson, a Default Litigation Specialist for PNC, the bank subsequently received payments totaling $7,362.80, bringing the loan current through September 2014. The loan was reinstated. On September 19, 2014, PNC filed a dismissal of the 2014 Foreclosure pursuant to Civ.R. 41(A).

{¶ 5} On March 4, 2015, PNC filed a second complaint in foreclosure (the "2015 Foreclosure"), alleging the loan was in default. Pursuant to the acceleration clause, PNC declared the entire debt due and sought judgment in the amount of $65,352, plus interest, from February 7, 2015. On March 19, 2015, PNC sent a letter to the Estate of John Seward at Jody's address, titled "Reinstatement Quote." The letter advised that the sum of $7,555.19 was due on or before April 16, 2015, to bring the loan current through that date,

and that the 2015 Foreclosure would proceed if the funds were not received by that date. Greggerson averred that PNC received a $3,442.75 payment on April 10, 2015, bringing the loan current through April 2015. The loan was reinstated. On April 13, 2015, PNC filed a Civ.R. 41(A) dismissal of the 2015 Foreclosure.

{¶ 6} On February 17, 2017, PNC filed a third complaint in foreclosure (the "2017 Foreclosure"), alleging the loan was in default. Pursuant to the acceleration clause, PNC declared the entire debt due and sought judgment in the amount of $60,713.03, plus interest, from August 1, 2016.

{¶ 7} PNC and Jody both moved for summary judgment. Jody argued that the 2017 Foreclosure was barred by res judicata pursuant to the Civ.R. 41(A) double-dismissal rule because all three foreclosure complaints arose from the same set of operative facts and the Civ.R. 41(A) dismissal of the 2015 Foreclosure was a second dismissal, thereby constituting an adjudication on the merits. PNC attached Greggerson's affidavit to its motion; Jody attached her affidavit to her memorandum opposing PNC's motion for summary judgment.

{¶ 8} On December 21, 2021, the trial court denied Jody's motion for summary judgment and granted PNC's motion for summary judgment. The trial court determined that the 2014 Foreclosure and the 2015 Foreclosure "were for different transactions" because the amount due and the default date in the 2017 Foreclosure were different from the amounts due and the default dates in the two prior foreclosures. Thus, the Civ.R. 41(A) double-dismissal rule did not apply. The trial court denied Jody's summary judgment motion. Regarding PNC's motion for summary judgment, the trial court noted that Jody did not deny "that the loan was in default or that [PNC] is entitled to judgment as prayed for in its complaint or its motion for summary judgment" other than to assert that the 2017 Foreclosure was barred by the double-dismissal rule, a rule the trial court had found inapplicable. Accordingly, the trial court granted PNC's summary judgment motion.

{¶ 9} Jody now appeals, raising the following assignment of error:

{¶ 10} THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO APPELLEE PNC BANK AND BY DENYING SUMMARY JUDGMENT TO APPELLANT, JODY HONEYCUTT-GRIZZLE, AKA JODY SEWARD.

{¶ 11} Jody argues the trial court erred in granting summary judgment to PNC. Jody asserts that the 2017 Foreclosure was barred by res judicata pursuant to the double-dismissal rule because PNC voluntarily dismissed its first two foreclosure complaints under Civ.R. 41(A)(1)(a) and the second dismissal became an adjudication on the merits of the claim.

{¶ 12} An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently and without deference to the decision of the trial court. *Flagstar Bank, FSB v. Sellers,* 12th Dist. Butler No. CA2009-11-287, 2010-Ohio-3951, ¶ 7. Summary judgment is proper when there is no genuine issue of material fact remaining for trial, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the evidence most strongly in that party's favor. *See* Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64 (1978). The applicability of res judicata is a question of law, which this court reviews de novo. *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette No. CA2021-07-013, 2022-Ohio-51, ¶ 14.

{¶ 13} Civ.R. 41(A)(1) provides, in pertinent part, that "a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant[.] Unless otherwise stated in the notice of dismissal * * * , the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." The double-dismissal rule only applies to voluntary dismissals by the plaintiff under Civ.R. 41(A)(1)(a); other forms of dismissal under

Civ.R.41(A) do not implicate the double-dismissal rule. *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, ¶ 26.

{¶ 14} "It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim." *U.S. Bank Natl. Assn. v. Gullotta*, 120 Ohio St.3d 399, 2008-Ohio-6268, ¶ 25. "In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action." *Id.* When a second dismissal functions as an adjudication on the merits, res judicata bars an action based upon any claim arising out of the transaction that was the subject matter of the previous action. *Id.* at ¶ 26. For purposes of res judicata analysis, a "transaction" is defined as a "common nucleus of operative facts." *Id.* at ¶ 27.

{¶ 15} In *Gullota*, the Ohio Supreme Court discussed the application of the Civ.R. 41(A)(1)(a) double-dismissal rule to foreclosure actions. In that case, the bank had voluntarily dismissed its first two foreclosure complaints before filing a third foreclosure complaint based upon the same note, the same mortgage, and the same default. In each complaint, the bank invoked the acceleration clause, declaring the entire principal amount due. As Gullotta never made a payment, the principal amount the bank claimed due in each of the three foreclosure complaints was the same.

{¶ 16} The supreme court held that the bank's third foreclosure complaint was barred by res judicata under the double-dismissal rule of Civ.R. 41(A)(1)(a) because all three complaints arose from the same common nucleus of operative facts. *Gullotta*, 2008-Ohio-6268 at ¶ 18, 28. Of significance to the supreme court were the facts that: (1) all three foreclosure complaints were based upon the same note, the same mortgage, and the same default; (2) the note and mortgage never changed in that they were never amended in any

way; (3) all three complaints arose from Gullotta's original default, when the entire principal became due; (4) Gullotta never made a single payment after the initial default; (5) the bank asked for the same amount of principal in each of its complaints; and (6) the bank never reinstated the loan. *Id.* at ¶ 19, 28, and 36.

{¶ 17} The supreme court noted that "Civ.R. 41(A) would not apply to bar a third claim if the third claim were *different* from the dismissed claims." (Emphasis sic.) *Id.* at ¶ 33. "Had there been any change as to the terms of the note or mortgage, had any payments been credited, or had the loan been reinstated, then this case would concern a different set of operative facts, and res judicata would not be in play. Instead, 15 months passed between the date of the alleged default and [the bank's] second voluntary dismissal. In that period, nothing changed between the parties." *Id.* at ¶ 38.

{¶ 18} Paragraph 18 of the mortgage co-signed by Jody provides a right to reinstate the loan after acceleration if, among other conditions, the borrower "pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred[.]" Paragraph 18 further provides, "Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred." Reinstatement under the mortgage does not require any formal documentation.

{¶ 19} Greggerson's affidavit provides that the loan was reinstated twice after Jody made substantial payments and prior to the Civ.R. 41(A) dismissals of the 2014 Foreclosure and the 2015 Foreclosure. Specifically, Greggerson averred that PNC received two payments on September 17, 2014, totaling $7,362.80. "These payments brought the loan current through September 2014. The loan was reinstated." The 2014 Foreclosure was subsequently dismissed. Greggerson further averred that PNC "received payment in the amount of $3,442.75 on April 10, 2015. This payment brought the loan current through April

- 6 -

15, and the loan was reinstated." The 2015 Foreclosure was subsequently dismissed.

{¶ 20} Jody avers in her affidavit that a foreclosure action was filed in 2014 and that following Legal Aid's help in successfully restoring funds from a mortgage assistance program, "the loan was * * * reinstated." Jody further avers that: (1) in March 2015, PNC sent a reinstatement letter to the Estate of John Seward; (2) upon determining what was required to bring the loan current, Jody "sent PNC a payment for the full reinstatement amount, which PNC received on April 10, 2015"; and (3) the loan was subsequently reinstated.

{¶ 21} Although the three foreclosure complaints were based upon the same mortgage and the same note, they did not arise from a common nucleus of operative facts. Unlike the defaulting homeowner in *Gullotta*, Jody made payments to PNC either directly or through a mortgage assistance program, first after the 2014 Foreclosure was filed, and again after the 2015 Foreclosure was filed, thereby reducing the entire amount of the principal each time, and resulting in the loan being reinstated twice. Whereas the bank in *Gullotta* demanded the same principal payment upon the initial default of the loan and in every subsequent foreclosure complaint, PNC demanded a different principal amount each time it filed a foreclosure complaint.

{¶ 22} Under these circumstances, the 2014 Foreclosure was based on a default of the original terms of the note and mortgage whereas the 2015 Foreclosure and the 2017 Foreclosure were based on a default of the reinstated note and mortgage. Thus, because the 2015 Foreclosure was distinct from the 2014 Foreclosure as the bases for the two complaints were different, the dismissal of the 2015 Foreclosure constituted the first dismissal on the new claim, it did not operate as an adjudication on the merits, and the 2017 Foreclosure was not barred by the Civ.R. 41(A)(1)(a) double-dismissal rule. *See Deutsche Bank v. Smith*, 1st Dist. Hamilton No. C-140514, 2015-Ohio-2961 (because borrower's

payment to cure default was credited, the third foreclosure complaint was different than the two previously dismissed foreclosure complaints, and the Civ.R. 41[A][1] double-dismissal rule was not applicable); *Wells Fargo Bank, N.A. v. Bischoff*, 6th Dist. Wood No. WD-13-045, 2014-Ohio-967 (double-dismissal rule not implicated where the dismissal of the first action resulted in the modification and reinstatement of the note and mortgage, where the subject of the present action is the borrower's default on the modified note and mortgage, and thus, where the claim in the present action was different than the claim in the first action); *U.S. Bank Natl. Assn. v. Lavelle*, 8th Dist. Cuyahoga No. 104234, 2016-Ohio-7783; and *Bank of Am., N.A. v. Gaizutis*, 11th Dist. Geauga No. 2014-G-3176, 2014-Ohio-4310.

**{¶ 23}** Based upon the right to reinstatement of the loan after acceleration under Paragraph 18 of the mortgage, the unequivocal summary judgment evidence that the loan was reinstated after the 2014 Foreclosure and the 2015 Foreclosure, and the fact that the 2017 Foreclosure sought a different principal amount and was based upon a different default date than the two previous foreclosure complaints, the claim in the 2017 Foreclosure did not arise out of the transaction that was the subject matter of the previously dismissed foreclosure actions and therefore, did not arise from a common nucleus of operative facts with either of the two prior foreclosures. The trial court properly concluded that PNC's 2017 Foreclosure was not barred by res judicata under the Civ.R. 41(A)(1)(a) double-dismissal rule. The trial court did not err in granting PNC's motion for summary judgment and in denying Jody's motion for summary judgment.

**{¶ 24}** Jody's assignment of error is overruled.

**{¶ 25}** Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.